■ SYLVIA KATZ et al., Respondents, v NEW YORK HOSPITAL, Appellant.—Order, Supreme Court, New York County (David H. Edwards, Jr., J.), entered September 18, 1989, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, the motion granted and the complaint dismissed, without costs. The Clerk is directed to enter judgment in favor of the defendant-appellant dismissing the complaint.

On March 5, 1986, the then eighty-year-old plaintiff, Sylvia Katz, slipped and fell on the marble floor of defendant hospital's lobby. In denying the hospital's motion for summary judgment dismissing the complaint, the IAS court found that the condition of the floor was in question as well as the issue of proximate cause. However, in opposition to defendant's motion, plaintiff merely alleged that she slipped on "highly waxed and polished marble flooring" and claimed that "the floor was overpolished causing a slippery, dangerous condition". In his affidavit in support of defendant's motion, the hospital's supervisor of its cleaning staff stated that the lobby's marble floor was cleaned and maintained without the use of any waxes, polishes or coatings and that the floor was cleaned three times a day, twice by dry and wet mopping and sweeping and once by wet mopping and dry buffing.

It is long settled that the fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of a negligent application of wax or polish, does not give rise to a cause of action or an inference of negligence. *(Kline v Abra-*

*ham,* 178 NY 377, 380; *Nelson v Salem Danish Lutheran Church,* 270 App Div 1030, *affd* 296 NY 870; *Silva v American Irving Sav. Bank,* 31 AD2d 620, *affd* 26 NY2d 727; *Swartz v Rose,* 40 AD2d 1028; *Galler v Prudential Ins. Co.,* 99 AD2d 720.)

Where, as here, defendant comes forth with evidence that no foreign substance or residue could conceivably have been present on the floor as no wax was used, it becomes incumbent upon plaintiff to come forward and make a showing that a slippery foreign substance was in fact present or that the floor was improperly maintained. Absent such a showing, the dismissal of the complaint, as a matter of law, is warranted. Concur—Sullivan, J. P., Carro, Kupferman, Ross and Rubin, JJ.