■ GREG HENDERSON, Appellant, v CITY OF NEW YORK, Respondent and Fourth-Party Plaintiff-Respondent, and NEW YORK CITY TRANSIT AUTHORITY, Respondent and Third-Party Plaintiff-Respondent. CONSOLIDATED EDISON, Third-Party Defendant-Respondent and Fourth-Party Defendant-Respondent. —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered on or about June 6, 1990, which, *inter alia,* granted the motion of third- and fourth-party defendant Consolidated Edison for summary judgment, dismissing the complaint against defendants, City of New York (City) and New York City Transit Authority (NYCTA), as well as the third- and fourth-party complaints against Consolidated Edison, granted the cross-motion of defendant and fourth-party plaintiff City for summary judgment, dismissing the complaint and cross-complaints, and denying the cross-motion of plaintiff for summary judgment, is unanimously modified, on the law and on the facts, to the extent of denying the motion of Consolidated Edison and the cross-motion of the City for summary judgment, reinstating the complaint only against the City, and reinstating the fourth-party complaint of the City against Consolidated Edison, and otherwise affirmed, without costs.

On or about July 17, 1986, in the vicinity of 40 Maiden Lane, New York County, Mr. Greg Henderson, twenty years of age, an employee of Consolidated Edison, was using a pneumatic drill (jackhammer), to enlarge an excavation beneath the roadway, to expose a steam leak. Suddenly that drill struck a live 13,500 volt electric main feeder cable, and the resulting explosion allegedly caused serious injuries to various parts of his body.

In November 1987, Mr. Henderson (plaintiff) commenced an action against the City of New York and the New York City

Transit Authority to recover damages for his injuries, based upon theories of negligence, and violations of the Labor Law for failure to provide a safe place to work *(see,* Labor Law §§ 200, 240, 241). The complaint alleges, *inter alia,* that the land above and below the said roadway was owned by defendant City, and the cable, which had been struck by the plaintiff's drill, was owned by defendant NYCTA. Thereafter, defendants NYCTA and the City commenced third- and fourth-party actions against Consolidated Edison, seeking indemnification and/or contribution.

Following joinder of issue, and after the completion of some discovery, third- and fourth-party defendant Consolidated Edison moved for summary judgment, dismissing the complaint against defendants City and NYCTA, as well as the third- and fourth-party complaints against Consolidated Edison, defendant and fourth-party plaintiff City cross-moved for summary judgment, dismissing the complaint and cross-complaints, and plaintiff cross-moved for summary judgment. By order, entered on or about June 6, 1990, the IAS Court, *inter alia,* granted the motion of Consolidated Edison, the cross-motion of the City, and denied the cross-motion of plaintiff. Plaintiff appeals.

We stated, in *Gibson v American Export Isbrandtsen Lines* (125 AD2d 65, 74 [1st Dept 1987]), that "[a]s repeatedly held, the remedy of summary judgment is a drastic one, which should not be granted where there is any doubt as to the existence of a triable issue * * * or where the issue is even arguable * * * since it serves to deprive a party of his day in court. Relief should be granted only where no genuine, triable issue of fact exists". Further, on a defendant's motion for summary judgment, opposed by plaintiff, we are required to accept the plaintiff's pleadings, as true, and our decision "must be made on the version of the facts most favorable to [plaintiff]". *(Strychalski v Mekus,* 54 AD2d 1068, 1069 [1976]; *McLaughlin v Thaima Realty Corp.,* 161 AD2d 383, 384 [1st Dept 1990]).

Although the plaintiff alleged in the complaint that defendant NYCTA owned the subject cable, our examination of the record indicates that he has neither presented any evidence to support that conclusion, nor any evidence indicating that any NYCTA employees had anything to do with causing his accident. In fact, the undisputed evidence indicates that third- and fourth-party defendant Consolidated Edison owned said cable. Accordingly, since we find no triable issue of fact, we agree with the IAS determination dismissing the complaint against

defendant NYCTA, and the third-party complaint of NYCTA against Consolidated Edison *(Andre v Pomeroy,* 35 NY2d 361, 364 [1974]).

During his examination before trial (EBT), plaintiff testified, in substance, that shortly before the accident, Mr. Richard Yako, who was his foreman, and three unidentified City inspectors were present at the scene, and, while those inspectors were reviewing City maps and permits, he overheard them say to Mr. Yako "[t]hat there were no energized cables below the surface of the excavation". Further, plaintiff stated that his foreman had told him to follow the instructions he received from the City inspectors, and therefore, pursuant to their instructions, "I lowered the * * * jackhammer into the hole and I put on my rubber goloshes, my hard hat * * * and my ear muffs, cloth gloves, and I climbed down the hole * * * [J]ust as I started breaking on the formation, there was an instantaneous explosion which sent me flying back through the air. I landed on my head, my back, my neck and both shoulders. I felt extreme pain in my head".

It is well established law that "to sustain liability against a municipality, the duty breached must be more than a duty owing to the general public. There must exist a special relationship between the municipality and the plaintiff, resulting in the creation of 'a duty to use due care for the benefit of particular persons or classes of persons' *(Motyka v City of Amsterdam,* 15 NY2d, at p 139 * * * *Evers v Westerberg,* 38 AD2d 751, affd 32 NY2d 684; see generally, 18 McQuillin, Municipal Corporations, p 126)" *(Florence v Goldberg,* 44 NY2d 189, 195 [1978]; *Garrett v Holiday Inns,* 58 NY2d 253, 261-262 [1983]).

The Court of Appeals, in *Cuffy v City of New York* (69 NY2d 255, 260 [1987]), stated that "[t]he elements of this 'special relationship' are: (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking".

We have held that "[t]he function of summary judgment is issue finding, not issue determination" *(Pantote Big Alpha Foods v Schefman,* 121 AD2d 295, 296 [1st Dept 1986]; *Double A Limousine Serv. v New York, N. Y. Limousine Serv.,* 130 AD2d 403, 404 [1st Dept 1987]).

Based upon the allegations contained in plaintiff's EBT testimony, indicating, *inter alia,* that he was relying upon the directions that he received from City inspectors, when his jackhammer struck the live cable, we find that there is a material triable issue of fact as to whether there were such inspectors and whether such inspectors owed or assumed a special duty to plaintiff *(see, Smullen v City of New York,* 28 NY2d 66, 72-73 [1971]).

In summary, applying the legal authority, *supra,* to the record before us, since we find that there is a material triable issue of fact, we further find that the IAS Court erred, insofar as it granted the motion of Consolidated Edison and the cross-motion of the City for summary judgment in its entirety.

Accordingly, we modify the IAS Court order to the extent of denying the motion of Consolidated Edison and the cross-motion of the City for summary judgment, reinstating the complaint only against the City, and reinstating the fourth-party complaint of the City against Consolidated Edison, and otherwise affirm. Concur—Ellerin, J. P., Wallach, Kupferman and Ross, JJ.