■ Antonia Rodriguez et al., Appellants, v Parkchester South Condominium, Inc. et al., Individually and Doing Business as Parkchester Apts. Co., et al., Respondents.— Order of the Supreme Court, Bronx County (Alan J. Saks, J.), entered August 22, 1990, which granted summary judgment dismissing the complaint in favor of defendants Parkchester South Condominium, Inc., Supervisory Management Corp. and Alvin A. Rosenthal, individually and as partners doing business under the name Parkchester Apts. Co., is unanimously reversed, on the law, and the motion by the Parkchester defendants denied, without costs or disbursements.

Plaintiff Antonia Rodriguez fell on a sidewalk owned and maintained by the Parkchester group of defendants on October 27, 1986. In her deposition, plaintiff testified that after she fell, she saw sand and little stones at the edge of the sidewalk. Photographs of the site were used at depositions to identify the location. At a further deposition, Michael Daniels, employed by defendant Parkchester Apts. Co. as a maintenance foreman and responsible for the maintenance and repair of the area, testified. He said that there were asphalt repairs on the cement sidewalk at the location in the photographs. However, he had no recollection of observing any need for repairs to the sidewalk at that location in the months preceding the accident. After being shown his logbook, Mr. Daniels testified that temporary asphalt repairs had last been made on March 3, 1986, more than seven months prior to the accident. Before that, repairs in the same vicinity were made on February 26, 1986 and December 23, 1985. On each of these occasions, asphalt was used where the concrete sidewalk had deteriorated. Mr. Daniels referred to the repairs as "temporary" but gave no opinion as to how long they were expected to last, noting, it depended on "weather conditions". He testified the repairs on the three occasions were possibly to "the same location" and that this location "could be in one of those areas" depicted in the photographs taken by plaintiffs of the site of the fall.

The I.A.S. Court granted defendants' motion for summary judgment finding plaintiff would be unable to prove a *prima facie* case at trial. We disagree and accordingly reverse.

On defendants' motion for summary judgment, the plaintiff

is entitled to all reasonable inferences in her favor *(Robinson v Strong Mem. Hosp.,* 98 AD2d 976). Further, the court should not pass on issues involving credibility *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338), since the function of summary judgment is issue finding, not issue determination *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395).

With these principles in mind, the photographic evidence, together with the revised deposition testimony and plaintiff's affidavit, made plain that she fell because her foot came into contact with sand or stones at a location where defendants had made asphalt repairs on three separate occasions within months of the fall. This was sufficient to raise issues of fact as to whether plaintiff's injury was due to deteriorated asphalt at the site of the injury.

Defendants assert that they had no notice of the condition. However, plaintiffs have raised a factual issue as to defendants' constructive notice of the deteriorated condition of the sidewalk. Plaintiffs have laid a foundation to establish defendants' responsibility for maintenance and the monthly inspection of the area. Further, defendants' own maintenance foreman noted that the site of the accident, as depicted in the photographs, could have been repaired by him with temporary asphalt on at least one and perhaps as many as three occasions within the ten months prior to the accident.

Finally, defendants' contention that the alleged condition was "trivial and commonplace" and insufficient, as a matter of law, to create an issue of fact, is also without merit. Under the circumstances herein, the nature of the deteriorated condition of the sidewalk and whether it constituted an actionable defect cannot be determined from the conflicting evidence submitted upon the motion and should be determined at trial. Concur—Sullivan, J. P., Milonas, Asch, Kassal and Smith, JJ.