(June 23, 1994)

■ IRENE L. SCHIANO et al., Respondents, v TGI FRIDAY'S, INC., Appellant. [613 NYS2d 881] —Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered July 27, 1993, denying defendant's motion for summary judgment, unanimously reversed, on the law, the motion is granted and the complaint dismissed, without costs.

Plaintiff Irene Schiano departed defendant's restaurant and bar at about 1:00 A.M. on a Saturday morning in July 1990, having spent an hour and a half at the establishment in the company of two female companions. While there, Ms. Schiano consumed one alcoholic beverage. On her way to the parking lot, about 10 to 25 feet from the exit, she slipped on the paved walkway and fell, suffering an ankle injury. In their personal injury action for $550,000 in damages, plaintiffs allege that defendant negligently tolerated a defective condition by allowing the area in front of the premises to become slippery and dangerous.

In a slip-and-fall case, a plaintiff must be able to demonstrate that the defendant either created the defective condition or had actual or constructive notice of it (Trujillo v Riverbay Corp., 153 AD2d 793). Constructive notice arises when the defendant should have known of the defective condition by reason of its manifest nature and the length of time it was in existence prior to the accident (Gordon v American Museum of Natural History, 67 NY2d 836). In either event, the defendant's actual or presumptive knowledge is essential in proving his negligence for failure to remedy the defective condition, or at least to warn others of the hazard (Rabat v GNAC Corp., 180 AD2d 540).

Plaintiffs allege, in their bill of particulars, that defendant had constructive notice of this dangerously defective condition, and gave no warning of same to its patrons. (Concededly, there is no evidence that defendant had any actual notice or knowledge of a slippery condition prior to the accident.) But even with respect to plaintiffs' exclusive reliance on constructive notice, Ms. Schiano herself did not notice any such condition an hour and a half earlier, when she entered the

premises *(see, Cammock v Valley Stream Meat Store,* 186 AD2d 459, 460). Even after she fell, she only noticed the accumulation of ground moisture when she felt a dampness at the back of her pants and the bottom portion of her blouse *(see, Fasolino v Charming Stores,* 77 NY2d 847). There was no evidence that rain had fallen at any time during the evening —only that it was a humid summer night, and that according to one of Ms. Schiano's companions, moisture from dew had accumulated on the walkway and other surfaces.

Plaintiffs have not alleged that a puddle of water had accumulated there, which might have been due to negligent failure to keep the walkway leveled or pitched for drainage. Rather, what evidently occurred was a natural consequence of summer humidity. Does this phenomenon create a hazard sufficiently foreseeable to require a warning to pedestrians? We think not. It is not uncommon for highways to bear markers warning that a particular stretch of roadway becomes "slippery when wet". But that is because road surfaces change abruptly, and motorists travelling at great speed are entitled to be forewarned as they approach an area that might become more slippery than the previous stretch of roadway. Without any authority therefor, we are not prepared to impose a duty to give warning of a generalized moisture condition to a pedestrian on a walkway to a parking lot, absent evidence that the surface is composed of some material that creates a particular hazard when exposed to moisture accumulation. According to Ms. Schiano's own testimony, the walkway between defendant's doorway and the parking lot was nothing more than poured concrete.

Plaintiffs have failed to carry their burden of establishing defendant's creation or knowledge of a hazardous condition such as to impose a duty to warn. Absent a showing of defendant's improper maintenance of the area, it should have been entitled to summary judgment *(Katz v New York Hosp.,* 170 AD2d 345, 346). Concur—Murphy, P. J., Wallach, Ross, Rubin and Williams, JJ.