■ ARDEN ROSE, Appellant, v DA ECIB USA, Doing Business as BICE RESTAURANT, Respondent. [686 NYS2d 19] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered December 18, 1997, which, to the extent appealed from, granted defendant's motion for summary judgment and denied as moot plaintiff's motion for issuance of open commissions, pursuant to CPLR 3108, to depose certain non-party witnesses, unanimously reversed, on the law and the facts, without costs, defendant's motion denied, plaintiff's complaint reinstated, and plaintiff's motion for open commissions granted, and the matter remanded for further proceedings.

This action arises out of a slip and fall in a restaurant. On the evening of April 5, 1991, plaintiff Arden Rose and her dining companion, Thomas O'Brien, were dining at defendant's establishment, Bice, an Italian restaurant in midtown Manhattan. When they finished dinner, plaintiff went to the restroom while Mr. O'Brien paid the check and waited for her in the bar area. Unlike the dining area, which was carpeted, the bar area had a smooth wooden floor. During the 15 minutes he waited for plaintiff, Mr. O'Brien noticed that there were no other patrons in the bar area, as it was near closing time. He observed a bartender cleaning up behind the bar and a waiter repeatedly walking back and forth along the 30-foot wooden-floored passageway behind the bar stools, but Mr. O'Brien did not notice the waiter doing anything in particular. Mr. O'Brien's attention was not constantly focused on defendant's employees, because he was looking at a newspaper while waiting for plaintiff to return.

As plaintiff was walking back down the above-mentioned passageway in the bar area, she slipped on a greasy spot on the floor and fell to the ground, allegedly suffering disabling injuries to her back and arm. She had not seen the spot before she fell. At her deposition, she described it as about three by five inches in size. Mr. O'Brien heard plaintiff fall and helped her up with the assistance of a waiter. He also saw the spot, which he described in his deposition testimony as a wet-looking circular stain about five to eight inches in diameter. No other patrons were in the bar area during this entire period.

In opposition, four of defendant's employees testified that they had no recollection of the accident. An assistant manager remembered a woman falling, but did not identify the woman as plaintiff. He thought she had slipped because of her high heels.

The parties both moved for summary judgment. Plaintiff does not appeal the denial of her cross-motion for summary judgment, but only appeals the grant of defendant's motion. In dismissing the action, the IAS Court erroneously concluded that plaintiff had presented no evidence from which a jury could find that defendant had actual or constructive notice of the hazardous condition.

The court speculated that plaintiff might have carried butter or grease on her shoe from her own table until she put her foot down in a way that made her fall. The court stated: "Evidence which permits such speculation is not evidence sufficient to be presented to a jury." On the contrary, all this proves is that neither party is entitled to summary judgment because there are several conflicting and conceivable ways the dangerous condition might have arisen. A plaintiff's evidence in opposition to a defendant's summary judgment motion need not conclusively prove her case. The motion court's proper role is merely issue finding, not issue determination (*Pirrelli v Long Is. R. R.*, 226 AD2d 166), and the court must draw all reasonable inferences in the opposing party's favor (*Assaf v Ropog Cab Corp.*, 153 AD2d 520, 521). The court here overstepped itself by "focusing on the persuasiveness of the plaintiff['s] proof" rather than whether said proof "support[ed] a *reasonable inference* that defendants could be charged with constructive notice * * * of the slippery substance on the floor" (*Pirrelli v Long Is. R. R., supra*, at 166 [emphasis added]). Indeed, the court's theory—that plaintiff dragged a five-inch grease spot on her shoe across the carpeted dining area to the restroom and back before falling in the bar area—seems less plausible than plaintiff's.

Proof of actual or constructive notice "is essential to recovery by a plaintiff who has fallen as a result of a foreign substance on the floor of a commercial establishment" (*Rabat v GNAC Corp.*, 180 AD2d 540). On this key issue, plaintiff surely raised questions of fact for the jury. Where the defendant actually created the dangerous condition, actual notice is presumed (*Panagakos v Greek Archdiocese*, 213 AD2d 336, 337 [slippery floor waxed by defendant's employees]). Otherwise, to prove constructive notice, the plaintiff must show that the condition was apparent for a sufficient length of time before the accident so as to afford the defendant a reasonable opportunity to observe and remedy the condition (*Rabat v GNAC Corp.*, *supra*).

Constructive notice has been inferred where there is evidence that defendant's employees were in the immediate vicinity of the dangerous condition and could easily have noticed and removed it (*Catanzaro v King Kullen Grocery Co.*, 194 AD2d 584). In *Catanzaro*, the Second Department held that a jury could find constructive notice where the plaintiff's evidence suggested that the puddle was created between 10 and 30 minutes before the accident. The 15-minute time period described by plaintiff herein is sufficient to take the question of constructive notice to the jury (*see, Cameron v Bohack Co.*, 27 AD2d 362, 366 [slippery powdered detergent on supermarket floor for 15 minutes]).

Defendant has not challenged plaintiff's factual assertions that the restaurant employees were the only persons in the relevant area during the 15 minutes before plaintiff fell and that she was away for 15 minutes. Plaintiff argues that either the waiter spilled the slippery substance during that 15-minute period while he was cleaning up or it had been created earlier, in which case defendant's employees had sufficient time to discover and remove it but negligently failed to do so. This theory was supported by sufficient evidence to create an issue of fact warranting denial of defendant's motion.

Plaintiff also asks this Court to rule on her motion for open commissions to depose three out-of-State, non-party witnesses whose testimony would arguably be relevant on the issue of damages: two physicians who treated plaintiff and an art collector who commissioned paintings that plaintiff was allegedly unable to complete due to her injuries. In defendant's attorney's affirmation in support of its motion for summary judgment, defendant "advise[d] the Court that the defendant has no opposition to plaintiff's motion". Defendant's appellate brief is silent on the issue, presumably indicating that it still does not oppose the motion. Accordingly, the motion is granted. Concur—Rosenberger, J. P., Lerner, Rubin and Mazzarelli, JJ.