■ GINA LORENZO, Appellant, v PLITT THEATRES, INC., Respondent. [699 NYS2d 388] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered November 24, 1998, granting defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff alleges that she sustained injuries when she slipped and fell on a slippery substance on the floor of defendant's movie theater. On July 15, 1996, plaintiff and her friend, Alex Watras, arrived at the theater around 1:00 P.M. for the day's first showing of a film. The last time a movie had been shown in that theater was around 9:30 P.M. the previous night. Plaintiff and Watras sat down approximately 10 minutes before the movie began. Only about 10 patrons were in the theater.

There was no one else seated in plaintiff's row or in the row behind her, nor was anyone sitting directly in front of her. Neither plaintiff nor Watras observed anyone pass through the area where she later slipped and fell. The lobby and the aisles of the movie theater were carpeted, but the floor of the seating area was bare concrete.

About one hour into the movie, when plaintiff got up to go to the restroom, she slipped on a foreign substance which was on the concrete floor in front of the aisle seat in her row and fell to the ground. Watras called the theater manager, Michelle Pelofsky-O'Shea, and pointed out what he later described as a "grease-like slime" on the floor. In his affidavit, Watras described the substance as a slippery patch, approximately six feet long by one foot wide, and said that it was "slick, greasy, slimy and had some color to it." He opined that it was "obviously not water." Significantly, Pelofsky-O'Shea also testified that she had observed a wet-looking patch that was about two seats long and less than an aisle wide. However, she claimed that when she wiped the area with a white paper towel, there was no colored residue on the towel. She averred that it was raining that day, whereas plaintiff said it was not.

At her deposition, Pelofsky-O'Shea testified as to the general cleaning routine at the theater. After each show, employees were supposed to pick up debris, sweep the aisles, and mop up spills. At some point, between the last show of the day and the first show of the following day, a cleaning company was supposed to clean the theater. Afterwards, the opening usher customarily walked through one more time to look for missed debris and spills. However, defendant has not shown whether these routines were actually followed on the day in question, particularly whether the opening usher performed a walkthrough inspection.

Defendant successfully moved for summary judgment, arguing that plaintiff had failed to raise an issue of fact as to defendant's constructive notice of the condition. To demonstrate entitlement to summary judgment, a party must make a prima facie showing that no material issues of fact exist (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). The evidence must be construed in the light most favorable to the opposing party (*Henderson v City of New York*, 178 AD2d 129). Defendant has not met that burden here.

To constitute constructive notice, the defect must be visible and apparent, and must exist for a sufficient time prior to the accident to permit the defendant to discover and remedy it (*Gordon v American Museum of Natural History*, 67 NY2d 836,

837). Here, both parties' witnesses testified that the slippery patch was visible and of some size. The question is when it was created.

Defendant essentially argues that the substance must have been either tracked in from the rain or spilled by a patron during that 1:00 P.M. showing, after the cleaning crew had made their rounds. However, an issue of fact is raised by the uncontroverted testimony of plaintiff and Watras that no other patrons were in the immediate vicinity (see, Rose v Da Ecib USA, 259 AD2d 258 [reinstating complaint in light of plaintiff's factual assertion that restaurant employees were the only persons in the relevant area during the 15 minutes before plaintiff fell on a greasy spot]). Plaintiff also contradicts Pelofsky-O'Shea's claim that it was raining at all, let alone hard enough that patrons would track water into the seating area even after having walked through the carpeted lobby and aisles. Thus, plaintiff's proof " 'supported a *reasonable inference*' " that the slippery patch had been created prior to the 1:00 P.M. showing, such that defendant had the opportunity to observe and correct it (*Rose v Da Ecib USA, supra*, at 259).

Since defendant's witness discussed only the general cleaning routines at the theater, and not specifically when the theater was last cleaned and inspected prior to the accident, this testimony was insufficient to show as a matter of law that the slippery patch was created after patrons were admitted for the 1:00 P.M. show (see, *Edwards v Wal-Mart Stores*, 243 AD2d 803). The instant case is distinguishable from those where an employee of the defendant inspected the area only moments before the accident and found no hazards (*e.g., McClarren v Price Chopper Supermarkets*, 226 AD2d 982, *lv denied* 88 NY2d 811), or those cases where a dangerous condition inevitably recurred despite defendant's frequent periodic monitoring (*Serrano v Haran Realty Co.*, 234 AD2d 86 [dog urine in hallway despite daily mopping]; *Gordon v American Museum of Natural History, supra* [litter on outdoor stairs]). Concur—Ellerin, P. J., Rosenberger, Nardelli, Mazzarelli and Friedman, JJ.