■ MARISOL DELUNA-COLE et al., Respondents, v TONALI, INC., et al., Appellants. [754 NYS2d 643] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered August 12, 2002, which, in an action for personal injuries sustained when plaintiff slipped and fell in defendants' restaurant, denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion was properly denied on the ground that defendants failed to meet their initial burden of establishing lack of notice as a matter of law. The sworn statements of defendants' hostess, that her duties included "walking around the restaurant looking for hazardous conditions" and that the head of the busboys is in charge of cleaning the restaurant, do not adequately describe defendants' floor-cleaning routines, and simply do not address how often or when the passageway where plaintiff fell is checked or when it was last checked for spills or breakage before plaintiff fell (*see Jacques v Richal Enters.*, 300 AD2d 45 [2002]). In any event, plaintiff's evidence is sufficient to raise material issues of fact. That evidence shows that plaintiff slipped on a single piece of glass in a passageway leading to the restroom, off of which were the waiters' station

and the kitchen doors, that the glass was similar in appearance to the glassware used by the restaurant and stored in a cabinet in the same passageway, and that there was no breakage or cleanup of glass prior to or during the five to eight minutes it took plaintiff to go the restroom. These circumstances, which show that the passageway leading to the restroom is a center of activity for restaurant staff, permit inferences that defendants' employees broke some glassware that they failed to completely clean up, or, if a patron broke a glass, that defendants' employees had sufficient time to discover and remove it (*see Rose v Da Ecib USA*, 259 AD2d 258 [1999]). Concur—Tom, J.P., Buckley, Rosenberger, Williams and Friedman, JJ.