■ Sylvia Caraballo et al., Respondents, v Paris Maintenance Company, Inc., Appellant. [770 NYS2d 24]—

Judgment, Supreme Court, Bronx County (Paul Victor, J.), entered on or about October 21, 2002, which, after a jury trial, awarded plaintiffs damages of $350,000, plus interest and costs, unanimously affirmed, with costs.

Viewing the evidence in the light most favorable to plaintiffs, it cannot be said that there is no valid line of reasoning and permissible inferences rationally supporting the jury's verdict (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). The evidence revealed that the injured plaintiff tripped and fell over a vacuum cleaner negligently left unattended in an aisle of a sixth-floor file room where she had been working; that only defendant owned a vacuum cleaner stored on that floor; and that defendant, pursuant to a written agreement, performed general nightly janitorial services, including vacuum cleaning, in that area at a time coinciding with plaintiff's work period. Defendant's administrative witness conceded that an unattended vacuum cleaner could present a tripping hazard. Thus, there was ample evidence from which the jury could reasonably infer defendant's liability.

Circumstantial evidence may be even stronger than direct evidence when based on undisputed facts that human observers would be less likely to mistake or distort (*People v Geraci*, 85 NY2d 359, 369 [1995]). Plaintiffs were not required to rule out every plausible variable and factor that might have caused or contributed to the accident (*see Gayle v City of New York*, 92 NY2d 936 [1998]). They sufficiently established the likelihood, by circumstantial evidence, that defendant's negligence had caused the trip and fall (*see Gonzalez v New York City Hous. Auth.*, 77 NY2d 663, 670 [1991]).

The trial court did not improvidently exercise its discretion in precluding defendant from calling a previously undisclosed witness to testify (*see Germe v City of New York*, 211 AD2d 480, 482-483 [1995]), where, as here, the disclosure took place during trial and defendant had unjustifiably failed to comply with previous discovery orders and demands that all witnesses be disclosed. That defense counsel's failure to honor its clear obligation to disclose was deliberate is further supported by the fact that just after jury selection he stated he would be calling three or four witnesses, but again did not reveal their identities until later pressed by the justice for an explanation of his omissions. Concur—Mazzarelli, J.P., Saxe, Lerner and Marlow, JJ.