■ Roxann Field, Appellant, v Waldbaum, Inc., Respondent. [827 NYS2d 253]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (McCarty, J.), entered March 23, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this action against the defendant after she allegedly slipped and fell on a puddle of liquid on the floor of the defendant's premises and sustained personal injuries. The defendant subsequently moved for summary judgment dismissing the complaint on the ground that it did not create the alleged defect or have actual or constructive notice thereof. In support of the motion, the defendant submitted, inter alia, the deposition testimony of the plaintiff, the deposition testimony of its employee, and a statement by a nonparty eyewitness, which was not notarized.

The evidence submitted by the defendant showed that the plaintiff fell approximately two feet away from a checkout counter. According to the plaintiff, for about 10 minutes prior to the accident she was standing less than 20 feet away from the accident site, and she did not hear anything fall, drop, or break. She did not hear any announcements regarding spills, and there were no warning signs around the spill. The nonparty eyewitness stated that she saw the spill on the floor while she was waiting on the checkout line for several minutes. She expected either the cashier or the grocery bagger to clean it up, but no one cleaned the spill prior to the plaintiff's accident.

The Supreme Court should have denied the defendant's motion for summary judgment because the defendant failed to sustain its initial burden as the movant of submitting evidence sufficient to establish that it did not create the defect or have actual or constructive notice thereof (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851 [1985]; *Daniels v Brisbane Leasing Ltd. Partnership,* 24 AD3d 409 [2005]; *Marino v Stop & Shop Supermarket Co.,* 21 AD3d 531 [2005]; *Britto v Great Atl. & Pac. Tea Co., Inc.,* 21 AD3d 436 [2005]). A triable issue of fact exists as to whether the spill had been on the floor for a sufficient period of time for the defendant's employees to have seen and remedied the defect (*see Negri v Stop & Shop,* 65 NY2d 625 [1985]; *Deluna-Cole v Tonali, Inc.,* 303 AD2d 186 [2003]; *Catanzaro v King Kullen Grocery Co.,* 194 AD2d 584 [1993]; *Rose v Da Ecib USA,* 259 AD2d 258 [1999]). Since the defen-

dant submitted the unnotarized statement of the nonparty eyewitness, it waived any objection to its admissibility (*see generally Raso v Statewide Auto Auction,* 262 AD2d 387 [1999]). Schmidt, J.P., Ritter, Lunn and Covello, JJ., concur.