■ NEREIDA GUZMAN VILLA, Respondent, v PROPERTY RESOURCES CORP. et al., Appellants. [25 NYS3d 876]—

Order, Supreme Court, Bronx County (Fernando Tapia, J.), entered October 21, 2014, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff alleges that she slipped on a floor that was negligently waxed or polished, and fell down a flight of steps. It is well established that "the fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of a negligent application of wax or polish, does not give rise to a cause of action or an inference of negligence" (*Katz v New York Hosp.*, 170 AD2d 345, 345 [1st Dept 1991]). Here, defendants met their initial burden of demonstrating that no waxy residue was on the floor through their superintendent's testimony that the floor was never waxed, but was mopped daily by a porter, and polished periodically with a buffing machine and a liquid that dries instantly (*see Kudrov v Laro Servs. Sys., Inc.*, 41 AD3d 315 [1st Dept 2007]; *Katz* at 346). Plaintiff's testimony that she saw the porter using the buffing machine the day before she fell, and her conclusory claim that the wetness she felt on her pants and hands after she fell smelled like "wax or ammonia," was insufficient to raise an issue of fact as to whether the wetness on the floor was a waxy residue left by the porter's cleaning the previous day (*see Aguilar v Transworld Maintenance Servs.*, 267 AD2d 85 [1st Dept 1999], *lv denied* 94 NY2d 762 [2000]; *compare Santos v Temco Serv. Indus.*, 295 AD2d 218 [1st Dept 2002]). Concur—Mazzarelli, J.P., Sweeny, Manzanet-Daniels and Gische, JJ.