■ MICHAEL GARDNER et al., Respondents, v TISHMAN CONSTRUCTION CORPORATION et al., Respondents/Third-Party Plaintiffs-Respondents, ROLYN COMPANIES, INC., Respondent-Appellant/Third Third-Party Plaintiff-Respondent-Appellant/ Fourth Third-Party Plaintiff-Respondent-Appellant, and DEGMOR, INC., Appellant/Third-Party Defendant-Appellant/ Fourth Third-Party Defendant-Appellant. E.J. ELECTRIC INSTALLATION COMPANY et al., Third-Party Defendants-Respon-

dents-Appellants. Prince Carpentry, Inc., Third Third-Party Defendant-Respondent, et al., Fourth Third-Party Defendant. (And a Second Third-Party Action.) [30 NYS3d 9]—

Orders, Supreme Court, New York County (Anil C. Singh, J.), entered December 5, 2014, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Tishman Construction Corporation of New York (Tishman) and 53rd Street and Madison Tower Development LLC (Madison) for summary judgment dismissing the complaint and all cross claims and counterclaims against them, granted them summary judgment against Degmor, Inc. (Degmor) on their claims of common-law and contractual indemnity, and granted them summary judgment on their claim of contractual indemnity against third party defendant E.J. Electric Company (EJ); denied the motion of Degmor for summary judgment dismissing the complaint and all cross claims and third-party claims against it; granted summary judgment in favor of plaintiffs on their claims of common-law negligence and Labor Law § 200 as against Degmor; granted the motion of third-party defendant Prince Carpentry (Prince) dismissing all claims against it; granted the motion of defendant Rolyn Companies, Inc. (Rolyn) for summary judgment on its claim of contractual indemnity against Degmor; and granted the motion of EJ on its claim for common-law indemnification against Degmor, unanimously modified, on the law, to reinstate plaintiffs' claims of common-law negligence and Labor Law § 200 and all cross claims and counterclaims against Tishman and Madison; deny plaintiffs' motion for summary judgment against Degmor premised upon Labor Law § 200; deny Tishman and Madison summary judgment on their claims of common-law and contractual indemnity against Degmor; deny Rolyn's motion for summary judgment on its claim for contractual indemnity against Degmor, and dismiss that claim; deny Tishman and Madison's motion for summary judgment on their contractual claims against EJ; and otherwise affirmed, without costs.

Questions of fact exist rendering summary resolution of plaintiffs' claims of common law negligence and Labor Law § 200 against Tishman and Madison inappropriate. Here, liability may be found against Tishman as the entity that coordinated, supervised and controlled the covering of holes created by subcontractors, since it was a failure of that activity that led to a hole being covered with plastic prior to being

rendered safe with a plywood cover. Where a general contractor is responsible for coordination, and an accident occurs as a result of a lack of coordination, liability may be found (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352-353 [1998]). Tishman and Madison also failed to make out their prima facie burden with affirmative evidence that they were not on notice of the condition (*see Slikas v Cyclone Realty, LLC*, 78 AD3d 144, 148-149 [1st Dept 2010]; *compare Canning v Barneys N.Y.*, 289 AD2d 32 [1st Dept 2001]).

The court erred in granting plaintiffs summary judgment against Degmor as to Labor Law § 200, since no such claim was pleaded against Degmor. The court was correct, however, that summary judgment was appropriate as to plaintiffs' common-law negligence claim against Degmor. While no one from Degmor admitted to sheeting and taping the hole in question before a plywood cover had been created, Degmor was the only contractor on site that performed such work, since it was necessary to its work (*see Caraballo v Paris Maintenance Co.*, 2 AD3d 275, 276 [1st Dept 2003]). And the court correctly dismissed plaintiffs' claims as against Prince, the carpentry contractor, since that entity had no affirmative duty to cover holes created by other subcontractors on site, and only did so at the direction of Tishman.

Since questions of fact exist regarding the negligence of Tishman, it is not entitled to summary judgment on its common-law and contractual indemnity claims against Degmor, or its contractual indemnity claim against EJ. Tishman and Rolyn are incorrect in their contention that the contract between Rolyn and Degmor contains a "savings clause" that would permit partial indemnity in their favor (*see Dutton v Pankow Bldrs.*, 296 AD2d 321 [1st Dept 2002], *lv denied* 99 NY2d 511 [2003]; *see also Hernandez v Argo Corp.*, 95 AD3d 782, 783-784 [1st Dept 2012]). And inasmuch as Rolyn was found negligent by the motion court, a determination it does not appeal, it is not entitled to contractual indemnity against Degmor, and that claim must be dismissed.

We have considered the parties' remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Saxe, Moskowitz and Kahn, JJ.