■ JOHN SADA, Respondent, v AUGUST WILSON THEATER, Appellant. [33 NYS3d 690]—

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered October 26, 2015, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff alleges that as he was returning to a show at defendant August Wilson Theater after having gone outside during intermission, he slipped on a wet staircase, causing him to sustain injuries. The evidence submitted by defendant was insufficient to establish prima facie that it lacked constructive notice of the alleged water hazard. Although defendant described its general cleaning routines at the theater, it failed to offer specific evidence as to its activities on the day of the accident, including evidence indicating the last time the staircase was inspected or maintained before plaintiff fell (*see Pineda v 1741 Hone Realty Corp.*, 135 AD3d 567, 567 [1st Dept 2016]; *Lorenzo v Plitt Theatres*, 267 AD2d 54, 56 [1st Dept 1999]).

In any event, in opposition, plaintiff raised an issue of fact as to notice of the alleged wet condition and whether defendant had adequate time to remedy the condition, based on his testimony that he told an usher prior to going outside of the theater at intermission that the area was wet, and when he returned 15 minutes later, he slipped and fell in the same area (*see Rose v Da Ecib USA*, 259 AD2d 258, 260 [1st Dept 1999]). Concur—Sweeny, J.P., Renwick, Manzanet-Daniels and Webber, JJ.