(March 2, 2017)

■ Comtesse Suzanne De Paris, Appellant, v Women's National Republican Club, Inc., Respondent. [48 NYS3d 383]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered August 5, 2015, which granted defendant's motion for summary judgment dismissing the complaint, reversed, on the law, without costs, and the motion denied.

Plaintiff, a long-time member of defendant, Women's National Republican Club, arrived at an event at the club between 5:00 and 5:30 p.m on September 7, 2011. She would go to the club maybe twice per week. Although this was the beginning of cocktail hour, plaintiff, who walked with a cane, was "not a drinker" and had only a "sip" of wine. Sometime between 7:30 and 8:00 p.m., she went into the restroom. According to plaintiff, the floor was made of "old marble." When she took her first step with her right foot, and with her cane on the floor, she fell.

After she fell, she "felt the wetness, the waxiness of the floor," which she described as "over-waxed." She also testified that her "shoe made a demarcation line on the floor because the floor was over-waxed, and [she] saw the line." She did not, however, check her shoe for wax. She also stated that she did not see the wax before the accident. She did not know how long the wax was on the floor, and stated that "the cleaning man," who she later described as Hispanic, must have put the wax on the floor. She was certain that the floors were waxed, but acknowledged that she had never personally seen anyone waxing the floors at the club. She had no knowledge regarding what products were used to clean the floor.

Carol Simon, the director of club membership, responded to the scene after being informed of the accident. She arrived in the bathroom and found plaintiff lying on the floor. She asked plaintiff what happened, and plaintiff said she slipped, but did not say what caused her to slip. Simon looked in the area where plaintiff had fallen [it is not clear if she did this before or after the ambulance arrived], and saw nothing that looked slippery or wet, nor did she see any scuff marks. The only place she had ever seen floors waxed in the building was in the grand salon on the third floor.

In support of its motion for summary judgment, defendant submitted the above testimony and an affidavit by Margaret O'Connor, the general manager of the club. As pertinent to this appeal, O'Connor averred that, pursuant to the practices and procedures in effect as of September 7, 2011, the porters at the club never applied wax to the floor of the ladies' room on the ground floor, and cleaned the floor with the use of a mop and water only. No additional cleaning agents were used to clean the floor. She further averred that she was on duty on the day of the incident from 9:30 a.m. to 6:45 p.m. and that the last time the floor in the ladies' room on the ground floor was mopped that day was in the morning.

O'Connor also stated that Seydou Nohou, whose hours were from 2:00 p.m. to 10:45 p.m., was the porter on duty on September 27, and that his duties did not include the mopping of the floor in the ground floor ladies' room and that he did not mop the floor in the ground floor ladies' room at any time during his shift. At no time on September 7, 2011 was any wax applied to the floor of the ground floor ladies' room nor on any day prior to the incident.

When O'Connor departed the club that day at 6:45 p.m. the floor of the ground floor ladies' room was free of any water, wax or debris. She also averred that neither she nor any of her staff received any complaints regarding a wet, slippery or slick condition in the ladies' room on the ground floor.

Defendant argued that there was no actual or constructive notice of any wet, slippery or slick condition in the bathroom, and the fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of a negligent application of wax or polish, does not give rise to a cause of action for or an inference of negligence.

In opposition to defendant's motion, plaintiff submitted her own affidavit, in which she averred, as pertinent to this appeal, "While I was still down on the floor after I fell I looked at the floor where I had fallen and I saw the mark of the wax on

the floor, from my shoe. I saw a big line, the dent of my shoe in the wax all the way that I fell. After I fell, I felt the wetness, the waxiness of the floor." She understood that defendant's employee stated that wax was never used on the floor, but "[b]ased upon [her] own observations after [she] fell, as well as what [she] felt on the floor following [her] fall, there is no question that there was an over abundance of wax upon the floor, and that this over abundance of wax is what caused [her] to fall and sustain injury."

In opposition to defendant's assertion that it had no actual or constructive notice of any wet, slippery or slick condition in the bathroom, plaintiff argued that defendant caused the defect by improper waxing, and so notice was not required.

The court found that defendant made a prima facie showing that it did not create the hazardous condition, through the testimony of its employees that it never waxed the floor of the bathroom where plaintiff fell. The court rejected plaintiff's assertion that her description of the floor as "over waxed" gave rise to an inference that defendant created the defect. The court also found plaintiff's testimony, that she saw and felt the wax, to be "mere speculation" and insufficient to constitute evidence that the floor was waxed. The court also found that, even if plaintiff established the presence of wax, there was no evidence that defendant was responsible for its presence on the floor, and there was no evidence of how long it had existed, to raise an issue of fact as to constructive notice. With regard to plaintiff's assertion that defendant created the defect, and so notice was irrelevant, the court again noted that plaintiff's assertion that she slipped on wax was "pure speculation and based on her belief that the defendant waxes the floor in the ladies room." Thus, given that the only evidence here regarding defendant's negligence was speculation, the court granted defendant's motion for summary judgment dismissing the complaint. We now reverse.

The court's role in deciding a motion for summary judgment is issue finding, not issue determination (*Rodriguez v Parkchester S. Condominium*, 178 AD2d 231, 232 [1st Dept 1991]). "[O]n a defendant's motion for summary judgment, opposed by plaintiff, we are required to accept the plaintiff's pleadings, as true, and our decision 'must be made on the version of the facts most favorable to [plaintiff]' " (*Henderson v City of New York*, 178 AD2d 129, 130 [1st Dept 1991]). Moreover, "[i]t is not the court's function on a motion for summary judgment to assess credibility" (*Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]). The drastic remedy of

summary judgment, which deprives a party of his day in court, should not be granted where there is any doubt as to the existence of triable issues or the issue is even "arguable" (*Gibson v American Export Isbrandtsen Lines*, 125 AD2d 65, 74 [1st Dept 1987]).

Here, there is a triable issue of fact as to whether there was a slippery substance on the bathroom floor that caused plaintiff to fall notwithstanding defendant's assertion that it never used wax in that particular bathroom. Contrary to the motion court's findings, plaintiff's proof was not speculative and was sufficient to defeat the motion, because she set forth a specific reason for the slippery condition on the floor, namely a build-up of wax (*see Galler v Prudential Ins. Co. of Am.*, 63 NY2d 637 [1984]; *Gracchi v Italiano*, 290 AD2d 484 [2d Dept 2002]; *Baisley v Rose*, 35 AD2d 841 [2d Dept 1970]). Indeed, as noted above, she "saw a big line, the dent of my shoe in the wax all the way that I fell," suggesting that her shoe gouged out some of the waxy substance where she fell. This was more than just leaving a streak (*see Galler v Prudential Ins. Co. of Am.*, 99 AD2d 720 [1st Dept 1984], *affd on different grounds* 63 NY2d 637 [1984] [insufficient evidence of negligent waxing of floors, where plaintiff's shoe made a streak on floor near where she fell]), which would happen regardless of the condition of the floor. *Villa v Property Resources Corp.* (137 AD3d 454 [1st Dept 2016]), recently decided by this Court, is also not dispositive. There, plaintiff merely felt a wetness on her pants and hands that smelled like wax or ammonia, while here, plaintiff saw the dent of her shoe in the waxy substance (*see also Aguilar v Transworld Maintenance Servs.*, 267 AD2d 85 [1st Dept 1999], *lv denied* 94 NY2d 762 [2000] [plaintiff's claim that she felt wax was insufficient to defeat summary judgment]).

The demarcation that was caused by plaintiff's shoe when she fell on the floor, and her feeling of wetness and wax, conflicted with defendant's assertions that the area was never waxed, creating triable issues of fact precluding the grant of summary judgment (*Ferrante v American Lung Assn.*, 90 NY2d at 631 [motion court cannot assess credibility on a motion for summary judgment]).

The fact that plaintiff had not seen anyone waxing the floor is of no moment given that her observation is circumstantial evidence that someone waxed the floors (*Caraballo v Paris Maintenance Co.*, 2 AD3d 275 [1st Dept 2003]). Plaintiff's detailed and consistent testimony sufficed to raise an issue regarding negligence in the application of wax, and, combined with circumstantial evidence (*Gonzalez v New York City Hous.*

*Auth.*, 77 NY2d 663, 670 [1991]), creates triable issues of fact requiring denial of summary judgment.

Moreover, since plaintiff claims the floor was negligently waxed, she was not required to show that defendant had notice of the defective condition that resulted in her accident (*Cook v Rezende*, 32 NY2d 596 [1973]). But in any event, there was an issue of constructive notice, because taking plaintiff's evidence as true, and granting that the porter cleaned the area in the morning as defendant claims, defendant failed to see what should have been seen by the use of its senses (*see Blake v City of Albany*, 48 NY2d 875, 877 [1979]; *Rose v Da Ecib USA*, 259 AD2d 258 [1st Dept 1991]; *see also Negri v Stop & Shop*, 65 NY2d 625 [1985]; *Field v Waldbaum, Inc.*, 35 AD3d 652 [2d Dept 2006]; *Deluna-Cole v Tonali, Inc.*, 303 AD2d 186 [1st Dept 2003]). Thus, there is an issue of fact as to whether defendant's employees failed to see the presence of a wax buildup that caused plaintiff's accident. Concur—Acosta, Mazzarelli and Moskowitz, JJ.

Friedman, J.P., and Andrias, J., dissent in a memorandum by Andrias, J., as follows: Because I believe that plaintiff's unsupported assertions do not raise a material issue of fact sufficient to defeat the motion for summary judgment, I respectfully dissent.

Plaintiff, a member of defendant, Women's National Republican Club, since 1978, slipped and fell when she took her "first step" with her right foot and with her cane onto the "old marble" floor of defendant's first-floor ladies' room. She claims that she fell due to excessive wax on the floor.

It is well settled that "the fact that a floor is slippery by reason of its smoothness or polish, in the absence of proof of a negligent application of wax or polish, does not give rise to a cause of action or an inference of negligence" (*Katz v New York Hosp.*, 170 AD2d 345, 345 [1st Dept 1991]). Where the defendant comes forth with evidence that no wax was used, the plaintiff must "come forward and make a showing that a slippery foreign substance was in fact present or that the floor was improperly maintained" (*id.* at 346).

Defendant established prima facie its entitlement to summary judgment by submitting an affidavit by its general manager showing that the ladies' room floor was cleaned with only a "mop and water," that wax was never applied to the floor, that she inspected the ladies' room an hour before the accident, at which time the floor was "free of any water, wax or debris," and that at no time before plaintiff's fall did she or her staff receive any complaints regarding a wet, slippery or slick

condition therein (*see Villa v Property Resources Corp.*, 137 AD3d 454 [1st Dept 2016] [defendants satisfied their initial burden by testimony that the floor was never waxed, but was mopped daily by a porter and polished periodically with a buffer]; *Kalish v HEI Hospitality, LLC*, 114 AD3d 444 [1st Dept 2014] [summary judgment was properly granted to defendant because it provided testimony that the floors in the ladies' rooms were never waxed and that before the accident it had not received any complaints about the ladies' room floor being slippery]; *Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 421 [1st Dept 2011] [defendant meets burden "by producing evidence of its maintenance activities on the day of the accident, and specifically that the dangerous condition did not exist when the area was last inspected or cleaned before plaintiff fell"]). Defendant also submitted the testimony of its membership director, who inspected the area right after plaintiff fell, and did not see any scuff marks or anything that looked slippery or wet.

In opposition, plaintiff's testimony that after she fell she "saw a big line, the dent of [her] shoe in the wax all the way that [she] fell" and that she "felt the wetness, the waxiness of the floor" does not suffice to raise a triable issue of fact as to whether defendant was negligent (*see Villa*, 137 AD3d at 454 [plaintiff failed to raise a triable issue of fact with testimony that she saw a porter using a buffing machine the day before she fell and the conclusory claim that the substance left "wetness" on her pants and her hands smelled like wax or ammonia]; *Purcell v York Bldg. Maintenance Corp.*, 57 AD3d 210, 211 [1st Dept 2008] ["Plaintiff's deposition testimony that the floor on which she slipped was 'very shiny' and 'over waxed,' without more, does not support an inference of negligent waxing or polishing"]; *Aguilar v Transworld Maintenance Servs.*, 267 AD2d 85, 86 [1st Dept 1999] [plaintiff's conclusory claim that she "felt" wax after her fall was insufficient to raise an inference of negligent waxing], *lv denied* 94 NY2d 762 [2000]).

The majority concludes that "plaintiff's proof was not speculative and was sufficient to defeat the motion, because she set forth a specific reason for the slippery condition on the floor, namely a build-up of wax." In reaching this conclusion, the majority finds that *Villa* (137 AD3d 454) and *Aguilar* (267 AD2d 85) are inapposite because here plaintiff asserts that she " 'saw a big line, the dent of my shoe in the wax all the way that I fell,' suggesting that her shoe gouged out some of the waxy substance where she fell." However, plaintiff admits that she did not see any wax on the floor before she fell and did not

check her shoe for wax after she fell. Moreover, she did not personally see the ladies' room floor waxed that day or at any time before and there were no photographs, wet clothes, or witnesses that could corroborate her conclusory assertions. Nor did plaintiff have any knowledge of the products used to clean the floor (see *Galler v Prudential Ins. Co. of Am.*, 63 NY2d 637, 639 [1984], *affg* 99 AD2d 720 [1st Dept 1984] ["evidence . . . insufficient to establish prima facie that what plaintiff slipped on was a wax residue" where plaintiff noticed a two foot streak on the floor where she fell and testified that, when she was leaving the hospital to which she had been taken after the accident, she saw a nurse scraping what looked like wax off of her shoe]).

Accordingly, I would affirm the grant of summary judgment in defendant's favor. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓