Hillman Housing Corporation, Petitioner-Landlord-Appellant, 
against
Ricardo Rosario and Risselle Rosario, Respondents-Tenants-Respondents, and "John Doe" and "Jane Doe," Respondents-Undertenants.



Landlord, as limited by its briefs, appeals from (1) those portions of an order of the Civil Court of the City of New York, New York County (Laurie Marin, J.), dated July 13, 2018, which denied its motion for summary judgment and to strike tenants' second and third affirmative defenses in a holdover summary proceeding, and (2) an order of the same court (Gary F. Marton, J.), dated October 19, 2018, which denied its motion to reargue the aforesaid order.




Per Curiam.
Order (Laurie Marin, J.), dated July 13, 2018, affirmed, with $10 costs. Appeal from order (Gary F. Marton, J.), dated October 19, 2018, dismissed, without costs, as taken from a nonappealable order.
We agree that this holdover eviction proceeding, based upon allegations that tenants violated cooperative policy and their proprietary lease by harboring a large, unregistered dog in the demised cooperative apartment premises, is not susceptible to summary disposition. Questions of fact exist as to the size of the dog and when the tenants began to openly and notoriously harbor it at the premises; and mixed questions of law and fact exist as to the applicability of the three-month waiver provision of the Pet Law (see Administrative Code of the City of New York § 27-2009.1) to the cooperative house rules sought to be enforced by landlord, which, inter alia, require "immediate[] and permanent[] remov[al]" of a dog not in compliance with certain weight and registration requirements (see Seward Park Hous. Corp. v Cohen, 287 AD2d 157, 165 [2001]). The drastic remedy of summary judgment, which deprives a party of his or her day in court, should not be granted where there is any doubt as to the existence of triable issues or where the issue is even arguable (see De Paris v Women's Natl. Republican Club, Inc., 148 AD3d 401, 403-404 [2017]).
We have considered landlord's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur
Decision Date: January 30, 2019