Singh v Manhattan Ford Lincoln, Inc. (2020 NY Slip Op 06470)





Singh v Manhattan Ford Lincoln, Inc.


2020 NY Slip Op 06470


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Kapnick, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 160884/2016 Appeal No. 12370 Case No. 2020-01289 

[*1]Balwinder Singh, Plaintiff-Appellant,
v
Manhattan Ford Lincoln, Inc. et al., Defendants-Respondents, Georgetown Eleventh Avenue Owners, LLC et al., Defendants.


A. Ali Yusaf, South Richmond Hill (Stephen A. Skor of counsel), for appellant.
Law Offices of Tobias & Kuhn, New York (Curtis B. Gilfillan of counsel), for Manhattan Ford Lincoln, Inc., respondent.
Offit Kurman, P.A., New York (Alexander Mirkin of counsel), for Benny & Son Construction Corp., respondent.



Order, Supreme Court, New York County (Margaret A. Chan, J.), entered August 7, 2019, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability on the Labor Law § 241(6) claim predicated on Industrial Code 23-1.7(e)(1) and (2) as against defendants Manhattan Ford Lincoln, Inc. (MFL) and Benny & Son Construction Corp. (B & S) and granted MFL's motion for summary judgment dismissing the Labor Law § 241(6) claim predicated on Industrial Code 23-1.7(e)(1) and (2) and the common-law negligence and Labor Law § 200 claims as against it, unanimously modified, on the law, to the extent of reinstating plaintiff's Labor Law § 241(6) claim insofar as predicated on Industrial Code 23-1.7(e)(2) and his common-law negligence and Labor Law § 200 claims as against MFL, and upon searching the record, the Labor Law § 241(6) claim insofar as predicated on Industrial Code 23-1.7(e)(1) is dismissed as against B & S, and otherwise affirmed, without costs..
Triable issues of fact exist as to whether the debris on which plaintiff slipped was integral to his work. Specifically, issues exist as to whether plaintiff was engaged in the same debris removal work as the workers throwing and pouring it from the sidewalk bridge and sweeping it from the sidewalk below which caused it to accumulate by the dumpster where he slipped (see Krzyzanowski v City of New York, 179 AD3d 479 [1stDept 2020]). However, Industrial Code 23-1.7(e)(1) is inapplicable as plaintiff's accident did not occur in a passageway but in an open, outdoor area (see Quigley v Port Auth. of N.Y. & N.J., 168 AD3d 65, 67 [1st Dept 2018]; DePaul v NY Brush LLC, 120 AD3d 1046, 1047 [1st Dept 2014]).
The accumulation of debris around the dumpster caused plaintiff's accident. MFL failed to establish that it lacked constructive notice of the debris that plaintiff testified had been accumulating on the street by the dumpster for two to three hours prior to his accident. Accordingly, MFL was not entitled to dismissal of the common-law negligence or Labor Law § 200 claims against it (see Spencer v Term Fulton Realty Corp., 183 AD3d 441, 442-443 [1st Dept 2020]; Gardner v Tishman Constr. Corp., 138 AD3d 415, 416-417 [1st Dept 2016]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020