Wachtel v Alan Joel Communications, Inc. (2025 NY Slip Op 05053)

Wachtel v Alan Joel Communications, Inc.

2025 NY Slip Op 05053

Decided on September 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 23, 2025

Before: Moulton, J.P., Mendez, O'Neill Levy, Michael, Chan, JJ. 

Index No. 20196/19|Appeal No. 4715|Case No. 2024-06918|

[*1]Nicholas Dudley Wachtel, Plaintiff-Appellant,
v
Alan Joel Communications, Inc.,et al., Defendants-Respondents.

The Altman Law Firm PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
Morris Duffy Alonso Faley & Pitcoff, New York (Iryna S. Krauchanka of counsel), for respondents.

Order, Supreme Court, Bronx County (Raymond P. Fernandez, J.), entered October 31, 2024, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated.
Defendant Joeandy N. Gonzalez testified at his deposition that, while operating a motor vehicle owned by defendant Alan Joel Communications, Inc. westbound on 171st Street in Manhattan, with a green traffic light in his favor, plaintiff, riding a bicycle northbound on Fort Washington Avenue, entered the intersection of the two streets against a red light and collided with defendants' vehicle. A nonparty witness testified consistently with Gonzalez's version of events. However, plaintiff testified that he had the green light, and that Gonzalez entered the intersection against the red light.
The parties' conflicting versions of how the accident occurred preclude summary judgment (see Jarrett v Claro, 161 AD3d 639, 639 [1st Dept 2018]; Huerta-Saucedo v City Bronx Leasing Inc., 147 AD3d 695, 695 [1st Dept 2017]). It is well settled that a "court's role in deciding a motion for summary judgment is issue finding, not issue determination. . . . Moreover, [i]t is not the court's function on a motion for summary judgment to assess credibility" (De Paris v Women's Natl. Republican Club, Inc., 148 AD3d 401, 403 [1st Dept 2017] [internal quotations marks and citations omitted]). Plaintiff's version of events "is not incredible as a matter of law, and the different versions of the facts submitted by the parties raise[ ] credibility questions for a jury to resolve" (Duley v S&N Rugova Props. LLC, 236 AD3d 544, 545 [1st Dept 2025] [internal quotation marks omitted]).
We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 23, 2025