MARGARET WOLF, as Administratrix, etc., of PHELIX O'BRIEN, Deceased, Respondent, *v.* GEORGE KAUFMANN and Another, Appellants..

First Department, November 29, 1929.

*Clarence S. Zipp* of counsel [*E. C. Sherwood*, attorney], for the appellants.

*Milton Speiser* of counsel [*Joseph Speiser* with him on the brief; *Speiser & Speiser*, attorneys], for the respondent.

FINCH, J. The defendants appeal from an order setting aside the verdict of a jury in their favor and granting a new trial. The order should be reversed in so far as it grants a new trial, and the complaint dismissed, upon the ground that, assuming the existence of all the facts claimed by the plaintiff upon the trial, no cause of action exists against the defendants.

The action is in negligence to recover damages for the death of plaintiff's intestate. The plaintiff's cause of action is based upon the fact that the deceased was found injured and unconscious at the foot of a flight of stairs in premises owned by the defendants, coupled with the fact that the hallway was unlighted in violation of section 76 of the Tenement House Law (as amd. by Laws of 1923, chap. 796) which provides: "Every light required by this section * * * shall be kept burning by the owner every night from sunset to sunrise throughout the year."

There was a sharp issue of fact as to whether the accident

happened before or after sunset and a controversy over the admission in evidence of a hospital record containing the report of a police officer based upon hearsay information obtained by him after the accident. The receipt of this report was error, under section 374-a of the Civil Practice Act, as added by chapter 532 of the Laws of 1928, for .the reasons set forth in our decision of even date in the case of *Needle* v. *New York Railways Corp.* (227 App. Div. 276), and in itself justified the setting aside of the verdict.

A fatal defect exists, however, in the case of the plaintiff in that, assuming the accident to have occurred after sunset and the hallway to have been unlighted, there is a total absence of proof of any causal connection between the accident and the absence of light. The deceased was shown to have entered the premises and was heard by tenants upon the stairs and in the hallway. Following a thud, also heard by tenants, he was found at the foot .of the stairs. No one saw him fall. Without further proof it would be solely a conjecture for a jury to draw the conclusion that the deceased fell down the stairs because of the absence of light. A case closely analogous to the one at bar upon the facts, but containing an element not present in the case before us, serves to differentiate the case at bar from one where a failure to furnish light might be found to be a proximate cause of the accident. In *Bornstein* v. *Faden* (149 App. Div. 37; affd., 208 N. Y. 605) the action was brought against the owner of a tenement house to recover for the death of a tenant due to the alleged negligence of the defendant in failing to light the public hallways as required by section 76 of the Tenement House Law.

In that case there was an eye witness to the accident who came out of an apartment with the decedent and was within a few feet of her when she fell. This witness testified that the deceased was walking slowly with her hand on the railing and that as she turned to go down the stairs she slipped and fell. The court held that the Legislature, in enacting section 76 of the Tenement House Law, contemplated that the light to be maintained should be sufficient to light the lower stairway and to enable people lawfully using the stairs, by exercising proper care, to see the steps and avoid slipping or missing their foothold. The court further held that the evidence tended to show that the decedent slipped, and that there was sufficient evidence of negligence on the part of the defendants to take the case to the jury, since the evidence there placed the decedent in the act of descending the stairs in the usual way, and that the absence of light sufficient to light the entire lower stairway created the inference that she slipped because of the darkness.

In the case at bar there is nothing to show that the accident occurred in the use of the stairs in the ordinary manner. In the absence of such proof, there are many possible conjectures for the accident.

It follows that the order appealed from in so far as it grants a new trial should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, P. J., MCAVOY, MARTIN and O'MALLEY, JJ., concur.

Order in so far as it grants a new trial reversed, with costs and disbursements, and the complaint dismissed, with costs.