■ JAMES LEMONDA et al., Appellants, v ELIE SUTTON et al., Respondents and Third-Party Plaintiffs, et al., Third-Party Defendant. ELIE SUTTON et al., Second Third-Party Plaintiffs, v PERFECT MAINTENENCE BUILDING CORP., Second Third-Party Defendant-Respondent. [702 NYS2d 275] —Order, Supreme Court, New York County (Robert Lippman, J.), entered September 29, 1998, which, *inter alia*, granted second third-party defendant Perfect Maintenance Building Corp.'s cross motion for summary judgment dismissing the complaint on the grounds that plaintiff failed to state with specificity the substance which caused his slip and fall, unanimously reversed, on the law, without costs, the cross motion denied, the complaint reinstated, and the matter remanded for further proceedings.

It is well settled that on a second third party-defendant's motion for summary judgment, we must accept a plaintiff's pleadings as true and view the facts in a light most favorable to plaintiff (*Henderson v City of New York*, 178 AD2d 129, 130). To establish a prima facie case on a slip and fall, plaintiffs herein must show that the defendants either created a dangerous condition (*Segretti v Shorenstein Co., E.*, 256 AD2d 234, 235) or had actual or constructive knowledge of the condition (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). In order to constitute constructive notice, a defect " 'must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the owners'] employees to discover and remedy it' " (*O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, quoting *Gordon v American Museum of Natural History, supra*, at 837; *Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294). The burden may also be satisfied by providing evidence that an "ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed by the landlord" (*O-Connor-Miele v Barhite & Holzinger, supra*, at 106-107). Viewing the evidence in the light most favorable to plaintiffs, the evidence presented in opposition created a material question of fact as to whether defendants had constructive notice of continuous debris on the stairwell in question, thus precluding summary judgment. The record indicates that employees of third-party defendant Continental Insurance Company who regularly utilized the stairwell in question noticed the recurrence of debris on the stairs and called the security guard to send a maintenance person to clean it up. The conflict between this evidence and that submitted in support of the motion demonstrates the existence of issues that are to be resolved at trial and not on a motion for summary judgment. Concur—Tom, J. P., Wallach, Lerner, Saxe and Buckley, JJ.