■ ALESTINE MARTIN, Appellant, v JUNCO CARTLEDGE et al., Respondents. [958 NYS2d 452]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated January 17, 2012, which denied her motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with costs.

"It is well settled that a 'rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle' " (*Tutrani v County of Suffolk*, 10 NY3d 906, 908 [2008], quoting *Stalikas v United Materials*, 306 AD2d 810, 810 [2003], *affd* 100 NY2d 626 [2003]), "thereby requiring that [driver] to rebut the inference of negligence by providing a nonnegligent explanation for the collision" (*Giangrasso v Callahan*, 87 AD3d 521, 522 [2011]).

Here, the plaintiff established her prima facie entitlement to judgment as a matter of law by submitting evidence that her vehicle was struck from the rear by a vehicle owned and operated by the defendants while she was stopped on an entrance ramp, waiting to merge onto Route 9A in Peekskill. However, the defendants raised triable issues of fact in opposition to the motion by submitting evidence that the collision actually occurred after the plaintiff's vehicle had already completed the merge and then came to a sudden and unexplained stop in the middle of the roadway (*see Foti v Fleetwood Ride, Inc.*, 57 AD3d 724, 725 [2008]; *Delayhaye v Caledonia Limo & Car Serv., Inc.*, 49 AD3d 588 [2008]; *Niemiec v Jones*, 237 AD2d 267 [1997]). Given these sharply disputed factual and credibility issues regarding the manner in which the accident occurred, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. Mastro, J.P., Lott, Austin and Sgroi, JJ., concur.