14-1504-cv
*Nussbaum v. Metro-North*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of March, two thousand fifteen.

PRESENT:    AMALYA L. KEARSE,
            DEBRA ANN LIVINGSTON,
            SUSAN L. CARNEY,
                        *Circuit Judges.*

------------------------------------------------

ELIZABETH NUSSBAUM,

            *Plaintiff-Appellant*,

            v.                                     No. 14-1504-cv

METRO-NORTH COMMUTER RAILROAD,

            *Defendant-Appellee.*[*]

------------------------------------------------

**FOR ELIZABETH NUSSBAUM:**         IRA M. MAURER, The Maurer Law Firm, PLLC, Fishkill, NY.

**FOR METRO-NORTH COMMUTER**        ANDREW P. KEAVENEY, Landman Corsi
**RAILROAD:**                       Ballaine & Ford P.C., New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

------------------------------------------------

[*] The Clerk of the Court is respectfully directed to amend the caption as set forth above.

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Elizabeth Nussbaum appeals from the District Court's January 23, 2014 judgment granting Defendant-Appellee Metro-North's motion for summary judgment in Nussbaum's slip-and-fall negligence suit, and from the District Court's May 8, 2014 order denying Nussbaum's motion for reconsideration. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

We review orders granting summary judgment *de novo*, resolving all factual ambiguities and drawing all reasonable factual inferences in favor of the non-moving party. *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). Summary judgment is appropriate only if the moving party can show that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Id.* "To establish a prima facie case on a slip and fall" under New York law, a plaintiff "must show that the defendant[] either created a dangerous condition or had actual or constructive knowledge of the condition." *Lemonda v. Sutton*, 268 A.D.2d 383, 384 (N.Y. App. Div. 2000) (citations omitted).

When a plaintiff seeks to establish a defendant's slip-and-fall liability by showing that the defendant created a dangerous condition, "the application of wax, polish, or paint to a floor in a nonnegligent manner will not, standing alone, support a negligence cause of action for making the floor slippery." *Walsh v. Super Value, Inc.*, 76 A.D.3d 371, 374 (N.Y. App. Div. 2010). Because liability attaches only to fault, "a defendant may not be held liable for creating a dangerous or defective condition upon property unless the defendant had actual, constructive, or imputed knowledge of the danger created." *Id.* at 372. Put another way, a plaintiff who alleges that a defendant created a dangerous condition must prove, not only that the defendant knew or had reason to know of the *condition*, but that the defendant knew or had reason to know of the *danger*, *i.e.*, that the condition it created was dangerous. *Id.* at 376.

In this case, Nussbaum has failed to create a genuine issue of material fact as to Metro-North's knowledge that the detergent would create a dangerously slippery condition in the train car. Metro-North did not follow the manufacturer's recommendation that FO 2276 be diluted by ten to twenty parts water to one part detergent, but there is nothing in the record to suggest that the dilution recommendation had anything to do with slipperiness, or that Metro-North had any reason to believe that it did. In addition, Nussbaum did not offer any evidence to suggest that the detergent had caused any previous accidents. While Metro-North's database of passenger injuries indicated

---

[1] At oral argument, we questioned whether subject matter jurisdiction was present in this case, as Nussbaum's complaint alleged that she was a *resident* of Massachusetts, but did not allege that she was *domiciled* in Massachusetts at the time of filing. We invited Nussbaum to submit an affidavit regarding her domicile; having reviewed her affidavit, we are satisfied that Nussbaum was domiciled in Massachusetts when her complaint was filed, and therefore that the parties to the case were diverse, making jurisdiction proper under 28 U.S.C. § 1332(a)(1).

that previous slip-and-fall incidents were attributable to wet floors, there were no recorded incidents referring to detergent or residue. Metro-North certainly cleaned its train floors with FO 2276, and so, to the extent that the detergent was dangerous, created a dangerous condition. But Metro-North cannot be found liable under New York law on that theory unless it knew (or had reason to know) that the detergent would make the floor dangerously slippery, and Nussbaum has failed to produce the slightest evidence that this was so.

Even if a defendant did not create a dangerous condition, the defendant can still be found liable if it had actual or constructive notice of the condition and failed to correct it. *See Lemonda*, 268 A.D.2d at 384. Actual notice requires that a defendant receive complaints or similarly be alerted to the existence of the dangerous condition. *See Matcovsky v. Days Hotel*, 10 A.D.3d 557, 558 (N.Y. App. Div. 2004). There is no evidence to suggest that Metro-North received any complaints about detergent residue on the floor of the train cars, or that any previous accidents were attributable to the detergent, such that Metro-North would be put on actual notice of the existence of the residue. To prove liability based on constructive notice, the danger must have been "visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it." *Lemonda*, 268 A.D.2d at 384 (internal quotation marks omitted). In this case, there was no "visible and apparent" detergent residue on the floor of the train car where Nussbaum slipped. Nussbaum testified that she saw only water on the floor, and, although the train conductor testified that it was not unusual for him to see a white residue on the floor, he did not testify that he saw such a residue on the day when Nussbaum fell. He responded negatively when asked whether he observed any "tripping hazards." Since there was no genuine issue of material fact regarding Metro-North's creation of the alleged dangerous condition or Metro-North's actual or constructive notice of same, the district court properly granted Metro-North's motion for summary judgment.

We review a district court's denial of a motion for reconsideration for abuse of discretion. *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013), *cert. denied*, 134 S. Ct. 1934 (2014). "In challenging the denial of [her] motion for reconsideration, [Nussbaum] fails to point to any case law or other relevant information that the district court overlooked. . . . [Nussbaum]'s arguments to the contrary amount to a disagreement with the district court's conclusions with respect to the case law that was already before it, and accordingly, the district court did not abuse its discretion in denying reconsideration." *Cyrus v. City of New York*, 450 F. App'x 24, 26 (2d Cir. 2011).

**CONCLUSION**

For the reasons stated above, we **AFFIRM** the District Court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk