15-1589-cv
Steven Reginella, et al. v. Target Corporation

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

August Term, 2015

(Submitted: January 28, 2016     Decided: April 18, 2016)

Docket No. 15-1589-cv

---

THE ESTATE of EVELYN GUSTAFSON, by STEVEN REGINELLA, GREGORY MANGO, CYNTHIA GUSTAFSON, JAMES GUSTAFSON as Administrators of the Goods, Chattels and Credits of the deceased Evelyn Gustafson,

*Plaintiff-Appellant*,

– v. –

TARGET CORPORATION,

*Defendant-Appellee.*[*]

---

Before: CALABRESI, LYNCH, and LOHIER, *Circuit Judges*.

While shopping at defendant-appellee Target Corporation's store, Evelyn Gustafson, plaintiff's decedent, fell inside a restroom made available for elderly and disabled individuals. Gustafson then brought an action against Target in the Eastern District of New York, asserting claims for negligence and personal injury. The district court (Chen, *J.*) granted summary judgment to Target, finding that plaintiff had failed to establish that Target's negligence caused Gustafson's fall. We AFFIRM the judgment and order of the district court.

> Jeffrey F. Borrell, Borrell & Riso LLP, Staten Island, NY, *for Plaintiff-Appellant*
>
> David S. Heller, John P. Connors, Connors & Connors PC, Staten Island, NY, *for Defendant-Appellee*

---

[*] The Clerk of Court is directed to amend the official caption to conform to the listing of the parties stated above.

CALABRESI, *Circuit Judge*:

On June 22, 2008, Evelyn Gustafson, plaintiff's decedent, went shopping at a Target store. While shopping, the seventy-six-year-old woman attempted to use a restroom made available for elderly and disabled individuals and, upon entering the restroom, fell. Gustafson was then taken to a hospital and found to have fractured her hip. On July 25, 2008, Gustafson brought suit against Target in the Eastern District of New York, asserting that she fell as a result of Target's negligence in maintaining the bathroom door, which, her complaint alleged, closed with excessive speed and force. More than two years later, after Gustafson's death on October 30, 2010, Target moved for summary judgment.[1] On May 14, 2015, the district court (Chen, *J.*) granted Target's motion for summary judgment on the basis that the plaintiff had presented insufficient evidence of causation. Gustafson's estate appealed.

We review de novo a district court's grant of summary judgment. Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there are genuine disputes of material fact, we are "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997). We will affirm summary judgment "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587

[1] Gustafson's complaint was subsequently amended 1) to substitute Gustafson's estate as plaintiff in the action, 2) to add three other defendants, Arrow Lock Manufacturing Company, Yale Security, Inc. and Assa Abloy, Inc., and 3) to allege a separate personal injury claim under the Americans with Disabilities Act. Plaintiff later stipulated to the dismissal of claims against all defendants other than Target.

(1986).  The case before us having been brought under diversity jurisdiction, we apply New York law.

Upon such review, we conclude that Target was entitled to summary judgment.  Evelyn Gustafson, plaintiff's decedent, fell while exiting a restroom in defendant Target's store.  To succeed, plaintiff's claims require a factfinder to conclude that Evelyn Gustafson's accident was caused by a defect in the restroom door at that store.  To decide whether a factfinder can reach such a causal conclusion in the absence of direct evidence of the likelihood of causation, New York courts consider three factors.  First, was there evidence of negligence or a defect on defendant's part, and, if there was, did that negligence or defect increase the chances of plaintiff's injury occurring, and by how much?  That is, how strong was the circumstantial evidence of causation?[2]  *See, e.g.*, *Dillon v. Rockaway Beach Hosp. & Dispensary*, 30 N.E.2d 373, 374 (N.Y. 1940) (finding adequate causation solely through strength of circumstantial evidence where patient alleged that a lamp had originally been over his hospital bed, that upon his return from surgery it was not, that a nurse later removed the lamp from the foot of his bed, and that his foot was badly burned); *cf. Morejon v. Rais Const. Co.*, 851 N.E.2d 1143, 1149 (N.Y. 2006) (noting that the doctrine of *res ipsa loquitur* "is nothing more than a brand of circumstantial evidence," in which "a question of fact as to the defendant's liability" may be found "by simply evaluating the circumstantial evidence").  Second, which party is better placed to tell us whether the negligence or defect was in fact likely to be a cause of the injury or whether the injury would have happened regardless of the negligence or defect?  *See, e.g.*, *Alabre v.*

---

[2] *See* Kenneth S. Abraham, *Self-Proving Causation*, 99 Va. L. Rev. 1811, 1816-17 (2013) (arguing that "evidence of causation in negligence cases is always evidence of the probability, based on the circumstances, that what actually happened would not have happened if the defendant had exercised reasonable care," and that "at bottom all evidence of cause-in-fact is circumstantial evidence").

*Kings Flatland Car Care Ctr., Inc.*, 924 N.Y.S.2d 174, 175 (App. Div. 2nd Dep't 2011) (stating that a fallen plaintiff's "inability to identify the cause of the fall is fatal to the cause of action," and reflecting the view that the plaintiff is best poised to know why she fell, as another's conclusion "would be based on speculation"); *cf. Martin v. Cartledge*, 958 N.Y.S.2d 452, 452 (App. Div. 2nd Dep't 2013) (voicing the "well settled" principle that "a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle" requiring the driver "to rebut the inference of negligence by providing a nonnegligent explanation for the collision," and thereby reflecting the view that the rear driver is better positioned to explain the cause of the collision (internal quotation marks omitted)). And third, has the relevant jurisdiction, for example, by its statements as to the level of duty owed by the parties, indicated a preference in favor of or against liability in the given context? *See, e.g.*, *Benitez v. N.Y.C. Bd. of Educ.*, 541 N.E.2d 29, 33-34 (N.Y. 1989) (finding inadequate causation where student wrestler alleged that coach's failure to prevent him from playing unfair match caused injuries, in light of New York's policy with respect to allocation of risks in athletic endeavors).

In the case before us, plaintiff's experts' reports, to the extent they are admissible, do show the possibility of a defect—that the door to the restroom closed somewhat too rapidly—and that such a defect could be dangerous to elderly or disabled users of the facility such as Gustafson. There is also evidence that the facility was expressly available to elderly and disabled users. The reports do not, however, purport to assert that such a defect, if present, was in fact likely to be the cause of Gustafson's accident.

At one time, in New York, absent more direct evidence that the defect was likely to have caused the accident, evidence of increased danger did not generally suffice to avoid summary

4

judgment for a defendant. *See Wolf v. Kaufmann*, 237 N.Y.S. 550, 551-52 (App. Div. 1st Dep't 1929) (finding insufficient evidence that defendant's wrongful failure to light a staircase caused plaintiff's fall and injury because "there is nothing to show that the accident occurred in the use of the stairs in the ordinary manner").[3] All that has long since changed, as courts have come to understand the thrust of Chief Judge Cardozo's important opinion in *Martin v. Herzog*, 126 N.E. 814 (N.Y. 1920). That case stated that when a party's negligence increased the likelihood of an accident occurring, a jury could find that the negligence caused the harm, even in the absence of more direct evidence indicating causation. *Id.* at 816. Proffering evidence negating causation then becomes the responsibility of the party that seeks to deny the effect of its negligence. And today, circumstantial connections between a defendant's negligence and the harm that occurred have been deemed enough to raise a question for the jury, not only when the defendant has greater knowledge of what in fact occurred, but even when neither side can tell us what happened. *See, e.g.*, *Schneider v. Kings Highway Hosp. Ctr., Inc.*, 490 N.E.2d 1221, 1221-22 (N.Y. 1986) (concluding that jury could find hospital caused plaintiff's fall "based wholly on circumstantial evidence" where elderly plaintiff "remembered only that she had rolled over" and was found "face down on the floor," because "of the hospital's rule requiring that the side rails on the bed of a patient over 70 years of age be maintained in raised position" and because patient's "deteriorated physical condition tended to prove that she was not [herself] able to lower the rail"); *Babich v. R.G.T. Rest. Corp.*, 906 N.Y.S.2d 528, 529 (App. Div. 1st Dep't 2010) (finding adequate causation through strength of circumstantial evidence where plaintiff testified

---

[3] In some other jurisdictions, such as Louisiana, however, such evidence did suffice to establish causation. *See, e.g.*, *Reynolds v. Texas & Pac. Ry. Co.*, 37 La. Ann. 694, 698 (1885) (finding defendant's failure to light steps caused plaintiff's fall and injury because "[c]ourts, in such matters, consider the natural and ordinary course of events" and the "whole tendency of the evidence connects the accident with the negligence").

that she slipped on a stair and an expert testified that the stairs were slippery due to worn-off treads); *Liriano v. Hobart Corp.*, 170 F.3d 264, 271-72 (2d Cir. 1999) (applying New York law and stating that "[w]hen a defendant's negligent act is deemed wrongful precisely because it has a strong propensity to cause the type of injury that ensued, that very causal tendency is evidence enough to establish a *prima facie* case of cause-in-fact. The burden then shifts to the *defendant* to come forward with evidence that its negligence was *not* such a but-for cause. . . . Under [this] approach, the fact that [plaintiff] did not introduce detailed evidence of but-for causal connection between [defendant's] failure to warn and his injury cannot bar his claim"); *see also Zuchowicz v. United States*, 140 F.3d 381, 390-91 (2d Cir. 1998) (applying federal law). This would be so, of course, unless the level of duty was such as to favor no liability. *See Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 121 (2d Cir. 2006).

In the case before us, the only direct evidence with respect to accident causation before the court on summary judgment are four statements made by Gustafson shortly after her accident and a video that, although it does not rule out the possibility, does not show that Gustafson's fall was caused by being hit by the restroom door. Even if we do not consider the statement Gustafson assertedly made, which was recorded in a hospital discharge summary—a statement that is very damaging to plaintiff's claim of causation but that plaintiff argues is inadmissible hearsay—the three remaining statements and the video do not constitute direct evidence that would be sufficient to raise a genuine issue of material fact with respect to accident causation. These remaining statements contain materially different and contradictory narratives regarding

the cause of Gustafson's fall and, as such, do not add to the weak circumstantial link between defendant's alleged negligence and the injury.[4]

Nevertheless, even the weak circumstantial evidence connecting defendant's alleged negligence and Gustafson's fall might in New York be enough to let this case go to the jury if the defendant were as well or better placed to tell us what, in fact, had likely happened. *See, e.g.*, *Gayle v. City of New York*, 703 N.E.2d 758, 758-59 (N.Y. 1998) (finding large puddle on roadway sufficient circumstantial evidence that defendant's negligence in maintaining drainage system caused plaintiff's injuries, where plaintiff alleged that he skidded on wet roadway and collided with truck, resulting in loss of memory about the accident); *Schneider*, 490 N.E.2d at 1222  After all, a too-fast closing door does increase the chances of an elderly or disabled person being hit by the door and falling.  And if Gustafson had died or been rendered incapable of testifying immediately as a result of her fall, we might conclude that New York would let the question of causation go to a jury.  But that is not what happened here. And so we need not decide whether such weak circumstantial evidence would be enough.

In the instant case, Gustafson was perfectly well able to testify as to whether the speed of the door was a cause of her accident.  She did not do so.  She has since died, but her counsel made a strategic decision not to obtain and preserve her testimony prior to her death.[5]  Under the

---

[4] Plaintiff also argues that the district court erred in failing to consider Gustafson's verified answer to an interrogatory, which is consistent with her version of events.  That argument lacks merit.  Affidavits submitted in opposition to summary judgment must "be made on personal knowledge," Fed. R. Civ. P. 56(c)(4), and that requirement is "not satisfied by assertions made on information and belief." *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 219 (2d Cir. 2004) (internal quotation marks omitted).  The verified answer is stated only "[u]pon information and belief," App'x 231, rather than on the basis of personal knowledge, and therefore may not be considered in opposition to summary judgment.

[5] Gustafson suffered her injury on June 22, 2008, and filed a complaint against Target on July 25, 2008, which Target answered on September 11, 2008.  She died on October 30, 2010, without

7

circumstances, and in the absence of any indication that New York's policy strongly favors liability in such circumstances, *see, e.g.*, *Gemmink v. Jay Peak, Inc.*, 807 F.3d 46, 50 (2d Cir. 2015) (affirming a grant of summary judgment to defendants where the law of the jurisdiction was "relatively indifferent to error in one direction or the other, offering no reason to favor either the plaintiff or defendant"), we conclude that the link between defendant's purported negligence and Gustafson's injury is too weak to permit a jury to conclude that Target's asserted negligence caused Gustafson's fall and injury.

We have considered plaintiff's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment and order of the district court.

---

having been deposed. Pl's Br. 4. Plaintiff's counsel explained his failure to preserve Gustafson's testimony over this nearly 26-month period as follows: "There could be a strategy why I would not want to have—to preserve her testimony. . . . It's just that—without making light of it, Judge, sometimes the plaintiff's best witness is a dead witness." App'x 48.