*16-1816-cv*
*Urrutia v. Target Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand seventeen.

Present:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,
> VINCENT L. BRICCETTI,
> *District Judge*.\*

---

VIRGINIA URRUTIA,

> *Plaintiff-Appellant*,

v.                                                            16-1816-cv

TARGET CORPORATION D/B/A TARGET,

> *Defendant-Appellee*.†

---

For Plaintiff-Appellant:          PHILIP MONIER, III, Monier Law Firm, PLLC, New York, New York

David Resnick, Gary Morgenstern, David Resnick & Associates, P.C., New York, New York

---

\* Judge Vincent L. Briccetti, of the United States District Court for the Southern District of New York, sitting by designation.

† The Clerk of Court is instructed to amend the caption to the above.

For Defendant-Appellee:  BRIAN P. MORRISSEY, Michael Crowley, Connell Foley LLP, New York, New York

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brodie, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED**.

Plaintiff-Appellant Virginia Urrutia appeals from the district court's grant of summary judgment in favor of Defendant-Appellee Target Corporation ("Target") on Urrutia's slip-and-fall negligence claim. We assume the parties' familiarity with the facts, the procedural history of the case, and the issues on appeal.

In May 2014 Urrutia, her son, and her grandson visited a Target store on Staten Island. Urrutia testified that shortly after entering the store, she saw an area of clear liquid on the floor. She mentioned the liquid to her son, but did not tell any Target employees about it. About forty-five minutes later, Urrutia slipped and fell in the same place where she had seen the clear liquid on the floor earlier. Although Urrutia did not see the liquid she slipped in just prior to her fall, she noticed clear liquid on the floor after her fall. Urrutia's son testified that he saw clear liquid on the floor immediately after Urrutia's fall. Michael Hay, a Target employee who was responsible for the store that day, also observed clear liquid on the floor after the accident. Two other employees made the same observation.

The Target store where Urrutia slipped and fell has various safety practices in place. Hay testified that employees discussed safety issues during daily meetings. Employees receive training on cleaning up spills, and there are spill stations throughout the store stocked with supplies for cleaning spills. Employees inspect the floors for spills very frequently.

2

According to Hay, he had last inspected the area where Urrutia slipped and fell about fifteen minutes before the incident. At that time, Hay "didn't see anything that would be unsafe." J.A. 115.

Urrutia filed a lawsuit in state court asserting a claim for negligence, and Target removed the suit to federal court on diversity grounds. Target moved for summary judgment, arguing that Urrutia had failed to raise a genuine issue of material fact about whether Target had constructive notice of the presence of the clear liquid in which Urrutia slipped. The district court ruled in Target's favor, concluding there was insufficient evidence from which a jury could conclude the liquid was visible and apparent. Urrutia appealed.

We review de novo a district court's grant of summary judgment, resolving all factual ambiguities and drawing all permissible inferences in favor of the nonmoving party. *Estate of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675 (2d Cir. 2016). Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In this negligence action removed to federal court on diversity grounds, New York substantive law governs. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). In New York, "[t]o establish a prima facie case on a slip and fall" the plaintiff must show either that the defendant "created a dangerous condition" or that the defendant "had actual or constructive knowledge of the condition." *Lemonda v. Sutton*, 268 A.D.2d 383, 384 (1st Dep't 2000). Urrutia does not contend that Target created the dangerous condition or had actual notice about it; only constructive notice is at issue here. "To constitute constructive notice, 'a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it.'" *Hartley v. Waldbaum, Inc.*, 69

3

A.D.3d 902, 903 (2d Dep't 2010) (quoting *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 837 (1986)).

The district court concluded that Urrutia failed to produce evidence from which a reasonable jury could conclude that the liquid in which she slipped was visible and apparent. We disagree. Urrutia testified that when she entered the store about forty-five minutes before the accident, she saw a clear liquid on the floor near the area where she eventually fell. In fact, Urrutia's son testified that, although he did not see the liquid then, she told him about the clear liquid on the floor shortly after they entered the store. After the incident, Urrutia reported that she slipped in a clear liquid on the floor. The Target employee who assisted Urrutia after the incident testified that after Urrutia fell, he observed a small amount of clear liquid on the floor. Based on Urrutia's testimony that she saw clear liquid on the floor approximately forty-five minutes before she fell, and the evidence that she slipped in clear liquid in the same spot, a jury could reasonably conclude that the clear liquid was visible and apparent. *See Yioves v. T.J. Maxx, Inc.*, 29 A.D.3d 572, 572 (2d Dep't 2006); *Navetta v. Onondaga Galleries LLC*, 106 A.D.3d 1468, 1469–70 (4th Dep't 2013).

In reaching the opposite conclusion, the district court emphasized that Urrutia's post-accident observation of the liquid was insufficiently corroborated by other circumstantial evidence of the hazard's visibility and apparentness. Assuming corroboration is a requirement, Urrutia provided it. Urrutia's pre-accident observation of the liquid corroborated her post-accident observation. *See Alexander v. Marriott Int'l, Inc.*, No. 01-cv-1124 (LMM), 2002 WL 1492125, at *3 (S.D.N.Y. July 11, 2002) (finding genuine issue of material fact about constructive notice based in part on witness's pre-accident observation of the puddle in which the plaintiff eventually fell). Testimony from Urrutia's son and Hay that they each observed the

4

liquid after her fall also corroborated Urrutia's post-accident observation. *See Navetta*, 106 A.D.3d at 1469–70.

The district court also emphasized that there was evidence in the record suggesting that the liquid in which Urrutia slipped was not visible and apparent. This evidence—including that Urrutia and her son did not see the clear liquid on the floor immediately before her fall, that Urrutia's son characterized the clear liquid on the floor as "not noticeable," and that the clear liquid on the floor was not stark or vast—could perhaps permit a jury to conclude that despite Urrutia's testimony, the clear liquid on the floor was not visible and apparent. However, a jury could also believe that Urrutia and her son were not looking at the floor immediately before her fall, that Urrutia's son was mistaken about whether the liquid was noticeable, and that even a modest puddle of clear liquid on light-colored tile is sufficiently visible for an employee to notice and remedy. The evidence in the record does not foreclose a reasonable conclusion that the clear liquid Urrutia slipped in was visible and apparent, and Target was not entitled to summary judgment on this basis.

We have considered the parties' remaining arguments on appeal, and none alter our conclusion. Accordingly, we **VACATE** the judgment of the district court and **REMAND** for further proceedings consistent with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5