*Kissoon v. Wal-Mart Real Estate Business Trust*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-five.

PRESENT:
> SUSAN L. CARNEY,
> RICHARD J. SULLIVAN,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

DHOORPATTIE KISSOON,

> *Plaintiff-Appellant*,

> v.                                                                 No. 24-2822

WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MART STORES EAST, LP, VALLEY STREAM GREEN ACRES LLC,

> *Defendants-Appellees*.

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | MICHAEL J. PRISCO (Kevin S. Klein, Rosenbaum & Rosenbaum, P.C., New York, NY, *on the brief*), The Law Office of Michael James Prisco PLLC, Massapequa, NY. |
| **For Defendants-Appellees:** | JOSEPH O'CONNOR (Patricia A. O'Connor, *on the brief*), O'Connor & O'Connor, Esqs., Northport, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (LaShann DeArcy Hall, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 30, 2024 judgment of the district court is **AFFIRMED**.

Dhoorpattie Kissoon appeals from the district court's grant of summary judgment in favor of Wal-Mart Real Estate Business Trust, Wal-Mart Stores East, L.P., and Valley Stream Green Acres LLC (together, the "Defendants") on Kissoon's claim of negligence related to a slip-and-fall accident at a Wal-Mart store in Valley Stream, New York. On appeal, Kissoon argues that the district court improperly granted summary judgment because there were triable issues of fact regarding the reasonableness of Wal-Mart's response to the soap-spill that caused her fall. We assume the parties' familiarity with the underlying facts, procedural

history, and issues on appeal, to which we refer only as necessary to explain our decision below.

We review *de novo* a district court's grant of summary judgment. *Estate of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675 (2d Cir. 2016). Summary judgment is appropriate only where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* In determining whether there are genuine disputes of material fact, we resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought. *Id.* (internal quotation marks omitted). We will affirm summary judgment where "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Union Mut. Fire Ins. Co. v. Ace Caribbean Mkt.*, 64 F.4th 441, 445 (2d Cir. 2023).

Because this is a negligence action that was removed to federal court on diversity grounds, we apply New York's substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). To establish a *prima facie* case of negligence under New York law, the plaintiff must demonstrate "(i) the existence of a duty of care owed by the defendant to the plaintiff, (ii) breach of that duty, and (iii) damages or injury proximately caused by the defendant's breach." *Curley v. AMR Corp.*, 153

F.3d 5, 13 (2d Cir. 1998). To succeed on a premises liability claim alleging any injury caused by a defective condition, the plaintiff must demonstrate that the defendant "either created the defective condition, or had actual or constructive notice thereof for such a period of time that, in the exercise of reasonable care, it should have corrected it." *Baez v. Jovin III, LLC,* 41 A.D.3d 751, 752 (2d Dep't 2007). But there can be no breach of a duty of care if the defendant did not have "actual or constructive notice of the [dangerous] condition," *Urrutia v. Target Corp.*, 681 F. App'x 102, 104 (2d Cir. 2017) (quoting *Lemonda v. Sutton*, 268 A.D.2d 383, 384 (1st Dep't 2000)), and "a reasonable amount of time to correct" the condition, *Cuminale v. 160-55 Crossbay Boulevard, LLC,* 229 A.D.3d 682, 682 (2d Dep't 2024); *see also Byrd v. Walmart, Inc.*, 128 A.D.3d 629 (2d Dep't 2015). In assessing whether a defendant had a reasonable opportunity to address the situation, the factfinder must consider the totality of the circumstances. *See Stasiak v. Sears, Roebuck & Co.,* 281 A.D.2d 5334 (2d Dep't 2001).

In this case, there is no dispute that (1) Defendants owed a duty of care to Kissoon and other shoppers to keep the aisles free of slippery substances; (2) Defendants had knowledge of the soap spill before Kissoon fell; and (3) Kissoon suffered injuries as a result of her fall. The sole question, then, is whether

4

Defendants acted unreasonably in failing to remedy the situation in the brief interval that existed between Defendants' notice of the spill and Kissoon's fall. Kissoon argues that this is a question for the jury, which could conclude that Wal-Mart's employee acted unreasonably when, after receiving "actual notice of the slippery condition," the employee "failed to stand guard [over the spill] or ensure the area was secured before leaving." Appellant Br. at 5. In particular, she contends that the employee acted unreasonably because she could have "summon[ed] assistance without leaving the aisle." *Id*. at 5.

But the undisputed evidence belies those assertions. According to the store video – which both parties accept as accurate – a child spilled liquid soap on the floor at 1:44:30 p.m. The child's mother then attempted to clean up the spill at 1:46 p.m., before notifying a Wal-Mart employee of the spill at 1:48 p.m. The Walmart employee briefly stepped away from the camera but returned thirty seconds later, at 1:48:33 p.m., and placed a towel over the spill. Less than one minute later, at 1:48:54 p.m., Kissoon slipped on the liquid soap. In the one minute that Defendants were on notice of the spill, Defendants "radioed for assistance," "requested a cone to warn customers," and requested a cleaning crew to remedy the spill. App'x at 166.

Because spills of this sort are common in retail stores, and because the potential harms associated with such spills, while serious, do not augur the kind of life-threatening injuries associated with more dire conditions, such as open elevator shafts or exposure to toxic substances, it cannot be said as a matter of New York law that Defendants' efforts "to address the situation" in the limited time available to them were unreasonable. *Stasiak*, 281 A.D.2d at 534. Indeed, in assessing negligence claims involving similar spills in comparable stores, New York courts have consistently determined that the passage of two to three minutes between the discovery of the spill and the plaintiff's fall was insufficient "as a matter of law . . . to give the [d]efendant a reasonable opportunity to address the situation." *Gonzalez v. K-Mart Corp.*, 585 F. Supp. 2d 501, 505 (S.D.N.Y. 2008); *see also Stasiak,* 281 A.D.2d at 534 (holding that defendant did not have a reasonable opportunity to remedy a spill where the plaintiff slipped and fell not more than ninety seconds after the spill occurred); *Byrd v. Wal-Mart, Inc.*, No. 2010/006514, 2013 WL 10981559, at \*2 (N.Y. Sup. Ct. Aug. 8, 2013) (holding that a two-minute interval between defendant's employee discovering the spill and plaintiff's subsequent fall was "insufficient time for Defendants to remedy the spill"), *aff'd*, 128 A.D.3d 629 (2d Dep't 2015); *Rallo v. Man-Dell Food Stores, Inc.*, No. 2012/003326,

2013 WL 5913158, at *1 (N.Y. Sup. Ct. Sep. 23, 2013) (concluding that three minutes was not a reasonable amount of time to correct a spill of grapefruit juice), *aff'd*, 117 A.D.3d 705 (2d Dep't 2014).

Therefore, on the particular facts of this case, we agree with the district court that no reasonable factfinder could conclude that Defendants' response to this ordinary spill breached their duty of care.[1]

\* \* \*

We have considered Kissoon's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Kissoon argues for the first time on appeal that there is a triable issue as to whether a Wal-Mart employee made the slip hazard worse when she threw a towel on the spill and then walked away from the scene.  "As a general rule, federal appeals courts do not consider arguments raised for the first time on appeal." *In re Lynch*, 430 F.3d 600, 605 (2d Cir. 2005).  This is particularly true "where those arguments were available to the parties below and they proffer no reason for their failure to raise them." *Rossbach v. Montefiore Medical Center*, 81 F.4th 124, 140 (2d Cir. 2023) (internal quotation mark omitted).  Because Kissoon did not make this argument below and offers no reason for her failure to do so, we deem the argument forfeited and decline to address it today.

7