*Marquez v. Wal-Mart Stores East, LP*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand twenty-six.

Present:

> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> ROBERT D. SACK,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*,

_____

ARACELIS MARQUEZ,

> *Plaintiff-Appellant*,

v.                                                          25-1122

WAL-MART STORES EAST, LP,

> *Defendant-Appellee*.

_____

| | |
|---|---|
| For Plaintiff-Appellant: | MITCHELL DRANOW, HARMON, LINDER, & ROGOWSKY, ESQS., Sea Cliff, NY. |
| For Defendant-Appellee: | PATRICIA A. O'CONNOR, O'CONNOR & O'CONNOR, ESQS., Northport, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Lindsay, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED** and **REMANDED** for further proceedings.

Plaintiff-Appellant Aracelis Marquez ("Marquez") appeals from a judgment of the United States District Court for the Eastern District of New York (Lindsay, *M.J.*), entered on April 18, 2025, granting the motion of Defendant-Appellee Wal-Mart Stores East, LP ("Walmart") for summary judgment. Marquez filed a personal injury suit against Walmart for injuries sustained from a slip-and-fall. The district court granted summary judgment to Walmart, holding that Marquez failed to provide evidence that Walmart's actions resulted in the hazardous condition or that the hazardous condition had existed long enough for Walmart employees to discover it and clean it up. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

* * *

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court "review[s] the district court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Aponte v. Perez*, 75 F.4th 49, 55 (2d Cir. 2023) (quoting *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021)).

Under New York law, which applies in this diversity action, "a tort plaintiff seeking to prove a defendant's negligence must show: '(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof.'" *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021) (quoting *Akins v. Glens Falls City Sch. Dist.*, 53

2

N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981)). To show a "breach of duty" in a slip-and-fall case, "a plaintiff is required to show that the defendant created the condition which caused the accident or that the defendant had actual or constructive notice of the condition." *Hartley v. Waldbaum, Inc.*, 69 A.D.3d 902, 903, 893 N.Y.S.2d 272 (2d Dep't 2010). "To prove liability based on constructive notice, the danger must have been 'visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it.'" *Nussbaum v. Metro-North Commuter R.R.*, 603 F. App'x 10, 12 (2d Cir. 2015) (summary order) (quoting *Lemonda v. Sutton*, 268 A.D.2d 383, 384, 702 N.Y.S.2d 275 (1st Dep't 2000)). If the plaintiff seeks also to raise a "failure to inspect" theory, the plaintiff must adduce evidence showing that a reasonable inspection would have revealed the dangerous condition. *See Bogery v. United States*, No. 17-CV-6996, 2018 WL 4265901, at *8 (S.D.N.Y. Sept. 6, 2018). The "adequacy of . . . inspections" is "usually . . . a question for the jury." *Wynn ex rel. Wynn v. T.R.I.P. Redevelopment Assocs.*, 296 A.D.2d 176, 181, 745 N.Y.S.2d 97 (3d Dep't 2002).

Walmart first argues that the liquid on the milk aisle floor did not "exist for a sufficient length of time prior to the accident to permit [Walmart] to discover and remedy it." *See Nussbaum*, 603 F. App'x at 12 (citation omitted). However, the video evidence adduced by Walmart precludes us from resolving this factual dispute as a matter of law. New York courts have held that as little as five minutes can be sufficient for a defendant to discover and remedy a hazard, depending on the circumstances. *See, e.g., Deluna-Cole v. Tonali, Inc.*, 303 A.D.2d 186, 187, 754 N.Y.S.2d 643 (1st Dep't 2003). Here, the video evidence could be determined to show multiple shoppers look at the floor briefly in the near hour preceding the accident. Indeed, one customer appears to notice something on the floor and to gesture to other customers to avoid the area, while a young girl may be seen sliding in the vicinity of the liquid. In such circumstances,

the jury could conclude that the liquid in the aisle was present for a sufficient length of time to support a finding of constructive notice.

Walmart's second argument fares no better than its first. Walmart contends that Marquez has failed to provide evidence regarding the reasonableness of Walmart's inspections of the milk cooler aisle. But the video again suggests that for over 60 minutes preceding the accident, no Walmart employee inspected the milk aisle to the left of the refrigeration bunker. Although four Walmart employees are captured in the footage, they walk past the milk cooler on the opposite side, which does not provide visibility into the aisle at issue, and do not appear to conduct an inspection. Moreover, the assistant manager of the Walmart store testified that she was not aware of any regular inspections that occurred at the store. *See* App'x 61-62. "Under the law, it is for a jury to decide, based on the assembled circumstances, whether an inspection gap of such or greater length was reasonable[.]" *Cuello v. Target Corp.*, No. 22-CV-2013, 2023 WL 4763234, at *9 (S.D.N.Y. July 26, 2023). Accordingly, we conclude that triable issues of fact remain.

\* \* \*

We have considered Walmart's remaining arguments and find them to be without merit. Accordingly, we **REVERSE** the judgment of the district court and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4