■ Sylvia Ullman, Appellant, v Seymour Cohn et al., Respondents. [669 NYS2d 591] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered October 17, 1996, which granted defendants' motion for summary judgment, unanimously reversed, on the law, without costs or disbursements, the motion denied and the complaint reinstated.

Plaintiff, a woman in her eighties, was injured when she allegedly slipped and fell down a flight of stairs in an office building because of the slippery and waxed condition of the stairs. The IAS Court granted defendants' motion for summary judgment finding that plaintiff herself, at deposition, testified that she "just fell down" and that the building manager attested that the stairs were never waxed.

However, plaintiff's daughter, who was an eyewitness to the accident, stated that she looked at the step where her mother fell after the incident occurred, ran her hand over the surface and found it to have an accumulation of a waxy substance encased in the grooves. She also stated that there was wax on her mother's shoes and coat immediately after the fall. Further, the maintenance man told her that the steps were washed *and* waxed regularly and she, herself, personally saw the maintenance men wax the floors of the building using a waxing buffer to polish the area.

A prima facie case of the negligent application of wax may be established by evidence that a dangerous residue of wax was present (*Galler v Prudential Ins. Co.*, 63 NY2d 637, 638). Here, plaintiff succeeded, in opposition to the motion for summary judgment, in raising an issue of fact as to whether there was such a dangerous residue present upon the stair causing her fall. Concur—Ellerin, J. P., Nardelli, Mazzarelli and Andrias, JJ.