■ MARY GRACCHI, Appellant, v FRANK ITALIANO et al., Respondents. [736 NYS2d 395] —In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Nassau County (Bucaria, J.), dated December 6, 2000, which granted the defendants' motion for summary judgment dismissing the complaint, and (2), as limited by her brief, from so much of an order of the same court, dated April 27, 2001, as upon, in effect, granting reargument, adhered to the prior determination.

Ordered that the appeal from the order dated December 6, 2000, is dismissed, as that order was superseded by the order dated April 27, 2001, made upon reargument; and it is further,

Ordered that the order dated April 27, 2001, is reversed insofar as appealed from, on the law, the order dated December 6, 2000, is vacated, the motion for summary judgment dismissing the complaint is denied, and the complaint is reinstated; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The plaintiff commenced this action to recover damages for personal injuries which she allegedly sustained when she slipped and fell on a hardwood floor in the defendants' house. The defendant Frank Italiano had waxed the hardwood floor the week before the accident. The Supreme Court granted the defendants' motion for summary judgment dismissing the complaint by order dated December 6, 2000. The plaintiff then moved for leave to reargue. By order dated April 27, 2001, the

Supreme Court stated that the plaintiff's motion for leave to reargue was denied. Nevertheless, the Supreme Court considered the merits and adhered to its prior determination. Consequently, the order dated April 27, 2001, is appealable (*see, Caccioppoli v Long Is. Jewish Med. Ctr.,* 271 AD2d 565; *Price v Palagonia,* 212 AD2d 765).

Although "[t]he fact that a floor is slippery by reason of its smoothness or polish, in the absence of a negligent application of wax or polish, does not give rise to a cause of action or give rise to an inference of negligence" (*Silver v Brodsky,* 112 AD2d 213, 214; *see, Paul v Roman Catholic Church of Holy Innocents,* 226 AD2d 515; *Sapinkopf v Marriott Host,* 224 AD2d 512), "[a] prima facie case of the negligent application of wax may be established by evidence that a dangerous residue of wax was present on the floor" (*Galler v Prudential Ins. Co. of Am.,* 63 NY2d 637, 638; *see, Ullman v Cohn,* 248 AD2d 200).

The defendants made a prima facie showing of entitlement to judgment as a matter of law. In opposition, however, the plaintiff raised a triable issue of fact as to whether Frank Italiano negligently waxed the floor. The plaintiff submitted a statement signed by the defendants stating that the plaintiff slipped and fell "when she hit the patch of paste wax" left on the floor after Frank Italiano had waxed it (*see, Ullman v Cohn, supra*). Contrary to the defendants' contention, this signed statement is admissible against them (*see, Letendre v Hartford Acc. & Indem. Co.,* 21 NY2d 518, 523; *People v Chico,* 90 NY2d 585, 589; *DeProssino v Noorzad,* 225 AD2d 581; *Morrissey v City of New York,* 221 AD2d 607; Prince, Richardson on Evidence § 8-201 [Farrell 11th ed]). Therefore, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Smith, J.P., Friedmann, Adams and Townes, JJ., concur.