Westbay v Costco Wholesale Corp. (2021 NY Slip Op 07023)





Westbay v Costco Wholesale Corp.


2021 NY Slip Op 07023


Decided on December 15, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 15, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2019-07807
 (Index No. 505943/16)

[*1]Dennis J. Westbay, appellant, 
v
Costco Wholesale Corporation, respondent, et al., defendants; Appell Striping and Sealcoating, Inc.,third-party defendant.


Sanders, Sanders, Block, Woycik, Viener & Grossman, LLP, Mineola, NY (Cindy Simms, Martin Block, and Melissa C. Ingrassia of counsel), for appellant.
James J. Toomey, New York, NY (Evy L. Kazansky of counsel), for respondent.
James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), for third-party defendant.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated May 30, 2019. The order, insofar as appealed from, granted that branch of the cross motion of the defendant Costco Wholesale Corporation which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the cross motion of the defendant Costco Wholesale Corporation which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff alleges that he sustained personal injuries after falling in the parking lot of a store owned by the defendant Costco Wholesale Corporation (hereinafter Costco). According to the plaintiff, it was raining on the day of his accident, and after exiting the store he stepped on a painted portion of the asphalt approximately 15 to 20 feet from the store entrance, at which point his feet suddenly slid out from under him, causing him to fall forward. The plaintiff subsequently commenced this action against, among others, Costco. Upon answering the complaint, Costco commenced a third-party action for contractual and common-law indemnification against Appell Striping and Sealcoating, Inc. (hereinafter Appell), the company that performed the painting and re-striping work in the store's parking lot approximately two months prior to the plaintiff's accident.
Following discovery, Appell moved for summary judgment dismissing the third-party complaint. Costco subsequently cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, or alternatively, for summary judgment on the third-party complaint. In an order dated May 30, 2019, the Supreme Court granted that branch of Costco's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it, denied Appell's motion as academic, and, in effect, denied that branch of Costco's cross motion which was for summary judgment on its third-party complaint. The plaintiff appeals.
"A defendant may not be held liable for the application of 'wax, polish, or paint to a floor . . . unless the defendant had actual, constructive, or imputed knowledge' that the product could render the floor dangerously slippery" (Faiella v Oradell Constr. Co., Inc., 171 AD3d 1013, 1014, quoting Walsh v Super Value, Inc., 76 AD3d 371, 372; see Union v Excel Commercial Maintenance, 185 AD3d 869, 869-870). Here, Costco established, prima facie, that it did not have actual, constructive, or imputed knowledge that the subject paint could render the walkway slippery (see Walsh v Super Value, Inc., 76 AD3d at 372).
In opposition, however, the plaintiff raised a triable issue of fact (see Sampaiolopes v Lopes, 172 AD3d 1128, 1130; Gracchi v Italiano, 290 AD2d 484, 485). The plaintiff relied on, among other things, an "application bulletin" for the traffic marking paint used by Appell, which was annexed to the expert report submitted by Appell in support of its separate motion. The application bulletin acknowledges the inherent danger present when painted surfaces become wet, and explicitly states that the paint "should not be used to paint large areas subject to pedestrian traffic." Considering the size of the painted area outside of the store entrance, there was a triable issue of fact as to whether Costco should have known that the product could render the parking lot slippery. Accordingly, the Supreme Court should have denied that branch of Costco's cross motion which was for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court