Scaccia v Brookfield Props. One WFC Co., LLC (2024 NY Slip Op 02677)

Scaccia v Brookfield Props. One WFC Co., LLC

2024 NY Slip Op 02677

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Singh, J.P., Moulton, Mendez, Rosado, Michael, JJ. 

Index No. 159389/18 Appeal No. 2299 Case No. 2022-05603 

[*1]Gina Scaccia, Appellant,
v
Brookfield Properties One WFC Co., LLC, et al., Respondents.

Mischel & Horn, P.C., New York (Lauren Bryant of counsel), for appellant.
McGriff Halverson Dooley LLP, Patchogue (Daniel J. O'Connell of counsel), for Brookfield Properties One WFC Co. LLC and ABM Janitorial Services-Northeast Inc., respondents.
Ryan, Brennan & Donnelly LLP, Floral Park (John O. Brennan of counsel), for Harvard Maintenance, Inc., respondent.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered November 29, 2022, which granted the motions of defendants Brookfield Properties One WCF Co. LLC and ABM Janitorial Services — Northeast Inc. and of defendant Harvard Maintenance, Inc. for summary judgment dismissing the complaint as against them, unanimously modified, on the facts, to deny the motions as to Brookfield Properties and Harvard Maintenance, and otherwise affirmed, without costs.
Plaintiff asserts that, in a building owned by Brookfield Properties and maintained by ABM Janitorial and Harvard Maintenance, she slipped on an improperly-waxed floor. Defendants' evidence demonstrated prima facie entitlement to summary judgment. The deposition testimony, affidavits, surveillance video and incident report established that: (1) wax was not used on the lobby's marble floors, only a marble cleaner and restorer; (2) a porter was assigned exclusively to the lobby to monitor at all times for necessary maintenance purposes; (3) the security guard who came to plaintiff's aid immediately inspected the floor where plaintiff fell and did not observe any wetness or substance on the floor; (4) plaintiff herself stated that the alleged hazard was not readily visible; and (5) defendants provided evidence of regular cleaning and inspection of the lobby and its floors (see Villa v Property Resources Corp., 137 AD3d 454 [1st Dept 2016]).
In opposition, however, plaintiff raised an issue of fact as to "the negligent application of wax . . . by evidence that a dangerous residue of waxwas present" (Ullman v Cohn, 248 AD2d 200, 200 [1st Dept 1998]). Plaintiff testified that the waxy substance on the floor was on the side of her clothing and that where she fell there was an indentation into the substance. This testimony is sufficient to establish an issue of fact as to whether wax was negligently applied (see Sanchez v Mitsui Fudosan Am., Inc., 148 AD3d 491, 492 [1st Dept 2017] [finding issue of fact where the plaintiff testified there was wax on her hands, a scuff mark created a sunken stripe through the wax, and she felt the accumulated substance move under her foot]; De Paris v Women's Natl. Republican Club, Inc., 148 AD3d 401, 404 [1st Dept 2017] [finding issue of fact based on a "demarcation that was caused by plaintiff's shoe when she fell on the floor, and her feeling of wetness and wax"]; see also Ullman, 248 AD2d at 200 [finding issue of fact where, inter alia, a witness found wax encased in grooves on the fall surface and on the plaintiff's shoes and coat]). This evidence "conflicted with [defendants'] assertions that the area was never waxed, creating triable issues of fact precluding the grant of summary judgment" (De Paris, 148 AD3d at 404).
ABM Janitorial and Harvard Maintenance further argue that, as contractors, they owe no duty to plaintiff (see Timmins v Tishman Constr. Corp., 9 AD3d 62,65-66 [1st Dept 2004], lv dismissed 4 NY3d 739 [2004]). The record shows that ABM [*2]Janitorial did not launch a force or instrument of harm, that plaintiff did not detrimentally rely on the continued performance of its duties, and that it has not entirely displaced the owner's duty to maintain the premises safely (see Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). In contrast, the service agreement between Brookfield Properties and Harvard Maintenance shows that Harvard Maintenance was responsible for floor maintenance (see Healy v ARP Cable, 299 AD2d 152, 154-155 [1st Dept 2002]). This agreement was corroborated by the deposition testimony. Therefore, ABM Janitorial is entitled to summary judgment dismissing the complaint, but there is an issue of fact as to whether Harvard Maintenance "undert[ook] to render services and then negligently create[d] or exacerbate[d] a dangerous condition" (Espinal, 98 NY2d at 141-142).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024