Castellano v City of New York (2024 NY Slip Op 03725)

Castellano v City of New York

2024 NY Slip Op 03725

Decided on July 10, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 10, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2023-01588
 (Index No. 706326/14)

[*1]Susan Castellano, appellant, 
v
City of New York, et al., respondents.

Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn, Nicholas S. Bruno, and Ross S. Friscia], of counsel), for appellant.
Muriel Goode-Trufant, Acting Corporation Counsel, New York, NY (Tahirih M. Sadrieh and Chase Henry Mechanick of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered January 13, 2023. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant New York City Department of Education is denied.
The plaintiff commenced this action against the defendants, City of New York and New York City Department of Education (hereinafter the DOE), to recover damages for injuries she allegedly sustained when she slipped and fell in a hallway of an elementary school located in Queens. The floor where the plaintiff fell had been waxed during the school's summer break prior to the plaintiff's accident, and the plaintiff alleged that the negligent application of wax caused her to fall. In an order entered January 13, 2023, the Supreme Court, inter alia, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE. The plaintiff appeals.
"'A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it'" (Griffin v PMV Realty, LLC, 181 AD3d 912, 912-913, quoting Steele v Samaritan Found., Inc., 176 AD3d 998, 999; see Buckstine v Schor, 213 AD3d 730, 731). Here, the evidence submitted by the defendants, including a transcript of the plaintiff's deposition testimony in which she testified that she fell when her right foot became stuck on a substance with a "sticky texture" and that after she fell, she felt a wax-like sticky substance on her shoe and fingers, failed to eliminate all triable issues of fact as to whether the plaintiff's fall was due to the negligent application of wax by the DOE (see Galler v Prudential Ins. Co., 63 NY2d 637, 638; De Paris v Women's Natl. [*2]Republican Club, Inc., 148 AD3d 401, 404; Gracchi v Italiano, 290 AD2d 484, 485). Since the defendants failed to establish, prima facie, that the DOE did not create the allegedly hazardous condition that caused the plaintiff to fall, they failed to establish that defendant's prima facie entitlement to judgment as a matter of law. Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the DOE, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
IANNACCI, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court