Porter v Stone (2024 NY Slip Op 05263)

Porter v Stone

2024 NY Slip Op 05263

Decided on October 24, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 24, 2024

CV-23-1832
[*1]Brian Porter, Appellant,
v
John D. Stone et al., Respondents.

Calendar Date:September 3, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Stanley Law Offices, LLP, Syracuse (Thomas P. Welch of counsel), for appellant.
Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Robert P. Cahalan of counsel), for respondents.

Lynch, J.
Appeal from an order of the Supreme Court (Oliver N. Blaise III, J.), entered September 28, 2023 in Cortland County, which granted defendants' motion for summary judgment dismissing the complaint.
On the morning of September 22, 2020, plaintiff, a phlebotomist, broke his ankle when he slipped and fell on a painted wooden walkway leading to the front door of defendants' residence, where he had a scheduled appointment. Plaintiff commenced this action to recover for his injuries, alleging that defendants failed to properly maintain the walkway by utilizing a paint that caused the surface to be slippery when wet. Following joinder of issue and discovery, Supreme Court granted defendants' motion for summary judgment dismissing the complaint, finding that plaintiff failed to demonstrate the existence of a dangerous or defective condition. Plaintiff appeals.
We affirm. Property owners have a "nondelegable duty to maintain [their] propert[ies] in a reasonably safe condition, taking into account foreseeability of injuries to others" (Vance v Burkhart, 229 AD3d 869, 870 [3d Dept 2024]; see Basso v Miller, 40 NY2d 233, 241 [1976]). A homeowner will be liable for injuries caused by a dangerous condition on the premises if he or she created the condition or had actual or constructive notice thereof (see Osterhoudt v Acme Mkts., Inc., 214 AD3d 1181, 1181 [3d Dept 2023]; Vickers v Parcells, 198 AD3d 1160, 1162 [3d Dept 2021]). However, "the mere fact that a floor or walkway becomes slippery when wet does not establish a dangerous condition" (Todt v Schroon Riv. Campsite, 281 AD2d 782, 783 [3d Dept 2001]; accord Van Duser v Mount St. Mary Coll., 176 AD3d 1532, 1533 [3d Dept 2019]; see Bacon v Altamont Farms, Inc., 33 AD2d 708, 709 [3d Dept 1969], affd 27 NY2d 936 [1970]). Nor may a defendant be held liable for applying "paint to a floor unless the defendant had actual, constructive, or imputed knowledge that the product could render the floor dangerously slippery" (Faiella v Oradell Constr. Co., Inc., 171 AD3d 1013, 1014 [2d Dept 2019] [internal quotation marks, ellipsis and citation omitted]; see Westbay v Costco Wholesale Corp., 200 AD3d 935, 936 [2d Dept 2021]).
Defendants satisfied their prima facie burden of demonstrating that their property was maintained in a reasonably safe condition on the date of the incident. The submissions show that plaintiff arrived at defendants' residence around 10:00 a.m. He described the weather conditions as "chilly but nothing out of the ordinary," and could not recall any rain. Upon arriving, plaintiff parked in front of the house and walked across the front lawn toward the walkway. As he stepped over the raised perimeter of a four-foot wide mulch bed and onto the walkway, plaintiff slipped and fell, injuring his ankle. According to plaintiff, defendant Helen Stone thereafter opened the door and told him that she "was coming to the door when she saw [him] come across the lawn to warn [him] that it was slippery." Although plaintiff [*2]did not recall seeing moisture on the walkway before falling, his back and legs were wet and he observed dew on the walkway surface. He maintains that the fall was caused by the dew on the walkway, coupled with the paint that had been applied to it, which he believed was "too smooth for that type of structure" since his "hand slipped" when he "put [his] hand down . . . to sit up" after the fall. Plaintiff did not attribute his fall to any structural defect in the walkway.
During his deposition, defendant John D. Stone testified that he painted over old paint on the walkway in June or July 2020, using Behr deck paint purchased from Home Depot. Although he did not retain the paint can, John Stone remembered its label stating that it was "weather resistant, made for outdoor use and ideal for wood porches and walkways" (internal quotation marks omitted). He used this same paint on his wooden back deck and had no slipping issues in that area. Like plaintiff, John Stone believed that plaintiff fell due to the existence of dew on the walkway, which he averred had been tracked onto the walkway by plaintiff. Defendants both maintained that they never had an issue traversing the walkway, never received complaints about it becoming slippery when wet and were unaware of anyone else having previously fallen on the walkway. Helen Stone also had "no recollection of telling . . . [p]laintiff that [she] was coming to the door to warn him [that the walkway] was slippery," maintaining that she was unaware of any moisture being present in the area since she had not left the house prior to the accident. She clarified that, "if [she] did say something of that nature, it would have been because [she] saw . . . [p]laintiff running through the dew-covered grass, which could reasonably make any surface slippery if you run and jump on it," not due to any prior knowledge that the painted walkway could become slippery when wet.
Here, both parties recognize that morning dew was present on the walkway surface but that fact does not establish a dangerous condition (see Todt v Schroon Riv. Campsite, 281 AD2d at 783). Moreover, defendants' evidence demonstrated, on a prima facie basis, that the paint applied to the walkway was appropriate for outdoor use on that type of structure (see Faiella v Oradell Constr. Co., Inc., 171 AD3d at 1014). As such, the burden shifted to plaintiff to demonstrate a triable issue of fact in opposition. In that regard, plaintiff submitted an expert affidavit from Joseph Szlamcynski, a licensed contractor. Relying on a photograph depicting a 2022 label for Behr deck paint, Szlamcynski noted that it contained a warning that "painted surfaces may become slippery when wet" and opined that "[a]pplying this deck paint over existing paint without sanding will impair absorption and also cause it to become more slippery." He further noted that photographs taken subsequent to the accident revealed that the walkway "is not level but rather slopes away from the [*3]porch," maintaining that this "would cause water to flow from the porch toward the bottom of the walkway and compound any slippery condition caused by the paint." Although Szlamcynski did not personally inspect the walkway, given the slope, the fact that it leads to the front door, and the fact that John Stone painted over existing paint, Szlamcynski opined that "non-slip additives should have been added to the paint for this walkway."
Szlamcynski's affidavit fails to establish a triable issue of fact sufficient to defeat defendants' motion for several reasons. First, his opinion that the slope of the walkway would alter the flow of water fails to account for the nature of the claim actually asserted. There is no allegation that flowing water was involved in this incident, the only viable theory being that dew had formed on the walkway. Moreover, photographs in the record show that the walkway is relatively flat. Second, as noted by defendants, Szlamcynski relied on a label for Behr deck paint from 2022, two years after the walkway had been painted. There has been no showing that this was the same type of deck paint used on the walkway or that Behr did not change its paint formula. As such, Szlamcynski's opinion does not have sufficient evidentiary support and was insufficient to create a triable issue of fact (see Briggs v PF HV Mgt., Inc., 199 AD3d 1106, 1108 [3d Dept 2021]; Crawford v Jefferson House Assoc., LLC, 57 AD3d 822, 823 [2d Dept 2008]). Moreover, plaintiff's contention that the paint used on the walkway was "too smooth for that type of structure" implicates a "matter outside the ordinary experience and knowledge of laypersons and, therefore, lacked probative value" (Faiella v Oradell Constr. Co., Inc., 171 AD3d at 1014). Finally, the conflicting proof as to the conversation between Helen Stone and plaintiff is of no moment because the walkway, as Supreme Court correctly recognized, did not present a dangerous or defective condition (see Todt v Schroon Riv. Campsite, 281 AD2d at 783). As such, summary judgment was properly granted to defendants.
Garry, P.J., Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the order is affirmed, with costs.